1   GREGORY A. LONG, Cal. Bar No. 57642
    glong@sheppardmullin.com
2   GARY A. CLARK, Cal. Bar No. 65455
    gclark@sheppardmullin.com
3   DARREN M. FRANKLIN, Cal. Bar No. 210939
    dfranklin@sheppardmullin.com
4   DENNIS J. SMITH, Cal. Bar No. 233842
    djsmith@sheppardmullin.com
5   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
6      Including Professional Corporations
    333 South Hope Street, 43rd Floor
7   Los Angeles, California  90071-1422
    Telephone:  (213) 620-1780
8   Facsimile:  (213) 620-1398

9   Attorneys for Defendants
    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP,
10  JONATHAN HANGARTNER and STEVE P. HASSID

11                  UNITED STATES DISTRICT COURT

12                 CENTRAL DISTRICT OF CALIFORNIA

13                       WESTERN DIVISION

14

| LAWRENCE B. LOCKWOOD, PANIP, LLC, | Case No. CV 09-5157 JFW (AGRx) |
|---|---|
| Plaintiffs, | **[PROPOSED] ORDER DISMISSING PLAINTIFFS' COMPLAINT** |
| v. | Hearing |
| SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP, JONATHAN HANGARTNER, STEVE P. HASSID, | Date:   November 9, 2009<br>Time:  1:30 p.m.<br>Ctrm:  16 - Spring, Hon. John F. Walter |
| Defendants. | |

-1-

1    Defendants Sheppard, Mullin, Richter & Hampton, LLP, Jonathan

2 Hangartner, and Steve P. Hassid have moved to dismiss the Complaint filed by

3 Plaintiffs Lawrence B. Lockwood and PanIP, LLC on July 15, 2009, and each cause

4 of action stated therein, under RULE 12(b)(6) of the FEDERAL RULES OF CIVIL

5 PROCEDURE, for failure to state a claim upon which relief can be granted.

6

7    The grounds for this motion are:

8    1.    All of Plaintiffs' claims are barred by applicable statutes of

9 limitations. *Living Designs, Inc. v. E.I. Dupont De Nemours & Co.*, 431 F.3d 353, 365

10 (9th Cir. 2005) (RICO); CAL. CIV. PROC. CODE § 335.1 (malicious prosecution); CAL.

11 CIV. PROC. CODE § 339(1) (interference with prospective economic advantage); CAL.

12 CIV. PROC. CODE § 338(d) (fraud).

13    2.    Plaintiffs' RICO claims fail to state a claim for relief because they

14 (a) do not allege an actionable pattern of racketeering activity, *H.J., Inc. v.*

15 *Northwestern Bell Tel.*, 492 U.S. 229, 239, 241-42 (1989); (b) fail to show standing,

16 reliance, and proximate cause in light of (i) the requirement that the U.S. Patent and

17 Trademark Office ("PTO") must conduct an independent investigation in response to

18 Defendants' reexamination requests, 35 U.S.C. § 303(a), and (ii) Plaintiffs' stipulation

19 to stay their infringement litigation against Defendants' clients; and (c) fail to show

20 how Plaintiffs can maintain their RICO claims in view of the prior settlement and

21 release between Plaintiffs and Defendants' clients.

22    3.    Plaintiffs' state law claims for interference with prospective

23 economic advantage and fraud are further barred by the litigation privilege. CAL. CIV.

24 CODE § 47(b).

25    4.    Plaintiffs' state law claim for interference with prospective

26 economic advantage is further barred because Plaintiffs are seeking damages for

27 alleged interference with potential relationships that never arose. *Westside Center*

28 *Assocs. v. Safeway Stores 23, Inc.*, 42 Cal. App. 4th 507, 524 (1996).

-2-

1          5.          Plaintiffs' state law claims for malicious prosecution and fraud are

2    further barred by federal preemption.  There is no private cause of action for alleged

3    malicious prosecution or fraud on the PTO.  *Buckman Co. v. Plaintiffs' Legal Comm.*,

4    531 U.S. 341, 347-50 (2001).

5          6.          Plaintiffs' state law claim for malicious prosecution is further

6    barred because (a) the PTO conducted an independent investigation in response to

7    Defendants' reexamination requests, *Werner v. Hearst Publ., Inc.*, 65 Cal.App.2d 667,

8    672-73 (1944); and (b) Defendants cannot effectively defend themselves without

9    revealing privileged communications with, and confidential information learned from,

10   their clients, *Solin v. O'Melveny & Myers*, 89 Cal. App. 4th 451 (2001).

11         7.          Plaintiffs' state law claim for fraud fails to state a claim for relief

12   because (a) there is no private cause of action for alleged fraud on the PTO, *Buckman*

13   *Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 347-50 (2001); and (b) Defendants'

14   alleged misconduct in mischaracterizing publications and patents in their clients'

15   reexamination requests did not constitute fraud, *Akzo N.V. v. United States Int'l Trade*

16   *Comm'n*, 808 F.2d 1471, 1482 (Fed. Cir. 1986).

17

18         After consideration of the moving and opposing briefs, supporting papers,

19   and oral argument of counsel, the Court hereby GRANTS Defendants' Motion to

20   Dismiss Plaintiffs' Complaint on the grounds stated above.  Defendants have shown

21   that Plaintiffs' Complaint fails to state facts sufficient to constitute any causes of

22   action.  The Motion is granted without leave to amend.

23

24   Dated: _____

25

26                                                              UNITED STATES DISTRICT JUDGE

27

28

-3-

[PROPOSED] ORDER DISMISSING
                                                           PLAINTIFFS' COMPLAINT

Presented by:

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *\/s\/ Darren M. Franklin*

DARREN M. FRANKLIN

Attorneys for Defendants
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP,
JONATHAN HANGARTNER and STEVE P. HASSID