GREGORY A. LONG, Cal. Bar No. 57642
glong@sheppardmullin.com
GARY A. CLARK, Cal. Bar No. 65455
gclark@sheppardmullin.com
DARREN M. FRANKLIN, Cal. Bar No. 210939
dfranklin@sheppardmullin.com
DENNIS J. SMITH, Cal. Bar No. 233842
djsmith@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1422
Telephone:  (213) 620-1780
Facsimile:  (213) 620-1398

Attorneys for Defendants
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP,
JONATHAN HANGARTNER and STEVE P. HASSID

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LAWRENCE B. LOCKWOOD, PANIP, LLC,<br><br>               Plaintiffs,<br><br>     v.<br><br>SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP, JONATHAN HANGARTNER, STEVE P. HASSID,<br><br>              Defendants. | Case No. CV 09-5157 JFW (AGRx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' STATE LAW CLAIMS PURSUANT TO CAL. CIV. PROC. CODE § 425.16**<br><br><u>Hearing</u><br>Date:  November 9, 2009<br>Time:  1:30 p.m.<br>Ctrm:  16 - Spring, Hon. John F. Walter |

# TABLE OF CONTENTS

Page

I.   INTRODUCTION .................................................................................1

II.  BACKGROUND ..................................................................................2

III. DISCUSSION .....................................................................................4

   A.  California's Anti-SLAPP Law Applies to Plaintiffs' State Law
       Claims .....................................................................................4

   B.  Legal Standards Governing the Striking of a SLAPP Suit ....................5

   C.  This Action Arises from Defendants' Acts in Furtherance of
       Their Rights of Petition and Free Speech Under the U.S.
       Constitution and California Constitution in Connection with a
       Public Issue ..............................................................................5

       1.  The requests for reexamination were writings made before
           an executive proceeding. ....................................................6

       2.  The requests for reexamination were writings made in
           connection with an issue under consideration or review by
           an official body. ...............................................................7

       3.  Lockwood cannot rebut the fact that this action arises from
           activity protected under CAL. CIV. PROC. CODE § 425.16..........8

       4.  Federal Interests Do Not Preempt the Application of
           California's Anti-SLAPP Law.............................................12

   D.  Plaintiffs Cannot Show a Probability of Prevailing on Their
       Malicious Prosecution Claim.......................................................14

   E.  Plaintiffs Cannot Show a Probability of Prevailing on Their
       Claim for Interference with Prospective Economic Advantage ..........15

   F.  Plaintiffs Cannot Show a Probability of Prevailing on Their
       Fraud Claim.............................................................................17

IV.  CONCLUSION .................................................................................17

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO STRIKE

1

## TABLE OF AUTHORITIES

2

Cases

3

ASCII Corp. v. STD Entertainment USA Inc.,
   844 F. Supp. 1378 (N.D. Cal. 1994)................................................8

4

5

Akzo N.V. v. United States Int'l Trade Comm'n,
   808 F.2d 1471 (Fed. Cir. 1986) ...........................................11, 12

6

In re Bah,
   321 B.R. 41 (9th Cir. BAP 2005) ..........................................4, 12

7

Briggs v. Eden Council for Hope & Opportunity,
   19 Cal. 4th 1106 (1999)...........................................................6

8

9

Buckman Co. v. Plaintiffs' Legal Committee,
   531 U.S. 341 (2001) .................................................................17

10

Chamberlin v. Isen,
   779 F.2d 522 (9th Cir. 1985) ....................................................7

11

12

Compagnie De Saint-Gobain v. Brenner,
   386 F.2d 985 (D.C. Cir. 1967)...................................................7

13

ComputerXpress v. Jackson,
   93 Cal. App. 4th 993 (2001) .....................................................6

14

15

Dealertrack, Inc. v. Huber,
   460 F. Supp. 2d 1177 (C.D. Cal. 2006) ..................................13

16

Dippin' Dots, Inc. v. Mosey,
   476 F.3d 1337 (Fed. Cir. 2007) ...............................................12

17

18

DuPont Merck Pharm. Co. v. Superior Court,
   78 Cal. App. 4th 562 (2000) .....................................................6

19

Flatley v. Mauro,
   39 Cal. 4th 299 (2006).............................................................8, 9

20

21

Globetrotter Software, Inc. v. Elan Computer Group, Inc.,
   63 F. Supp. 2d 1127 (N.D. Cal. 1999)..................................4, 13

22

Lee v. Fick,
   135 Cal. App. 4th 89 (2005) .....................................................6

23

24

Lockwood v. Sheppard, Mullin, Richter & Hampton,
   173 Cal. App. 4th 675 (2009) ...................................................3

25

Roth v. Rhodes,
   25 Cal. App. 4th 530 (1994) ....................................................15

26

27

Rothman v. Target Corp.,
   556 F.3d 1310 ..........................................................................11

28

-ii-

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO STRIKE

Solin v. O'Melveny & Myers,
    89 Cal. App. 4th 451 (2001) ...................................................................1, 14, 15

United States ex rel. Newsham v. Lockheed Missile & Space Co.,
    190 F.3d 963 (9th Cir. 1999) ...........................................................................4, 13

Vergos v. McNeal,
    146 Cal. App. 4th 1387 (2007) ..............................................................................7

Westside Center Assocs. v. Safeway Stores 23, Inc.,
    42 Cal. App. 4th 507 (1996) ...........................................................................15, 16

Wilcox v. Superior Court,
    27 Cal. App. 4th 809 (1994) .................................................................................14

Young v. Lumenis, Inc.,
    492 F.3d 1336 (Fed. Cir. 2007) ...........................................................................11

Statutes

35 U.S.C. § 1 ...............................................................................................................6

35 U.S.C. § 102(b) .......................................................................................................9

35 U.S.C. § 301 .........................................................................................................10

35 U.S.C. § 302 ................................................................................................6, 8, 10

35 U.S.C. § 306 ...........................................................................................................7

Cal. Civ. Code § 47(b) ...............................................................................1, 3, 15, 17

Cal. Civ. Proc. Code § 335.1 ......................................................................................3

Cal. Civ. Proc. Code § 425.16 ..............................................................1, 2, 3, 4, 8

Cal. Civ. Proc. Code § 425.16(a) ...............................................................................4

Cal. Civ. Proc. Code § 425.16(b) ...............................................................................5

Cal. Civ. Proc. Code § 425.16(b)(1) ........................................................................14

Cal. Civ. Proc. Code § 425.16(c) ...........................................................................2, 5

Cal. Civ. Proc. Code § 425.16(e) ...............................................................................6

Cal. Civ. Proc. Code § 425.16(e)(1) .......................................................................6, 7

Cal. Civ. Proc. Code § 425.16(e)(2) .......................................................................7, 8

Other

Cal. Prac. Guide Civ. Pro. Before Trial § 1:443 (Rutter Group 2009) ....................4

-iii-

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO STRIKE

# I.   <u>INTRODUCTION</u>

California's Anti-SLAPP Law, CAL. CIV. PROC. CODE § 425.16, curtails lawsuits that are based upon the exercise of the constitutional right to petition the government.  California's litigation privilege, CAL. CIV. CODE § 47(b), bars lawsuits that are based upon statements made in connection with litigation or quasi-judicial proceedings, the goal being to foster vigorous litigation and to avoid multiple lawsuits based upon claims of alleged misconduct in prior lawsuits.  The state law claims in this case (malicious prosecution, interference with prospective economic advantage, and fraud) filed by Plaintiffs Lawrence B. Lockwood and PanIP, LLC are subject to the Anti-SLAPP statute, are barred by applicable statutes of limitations and, except for the malicious prosecution claim, are additionally barred by the litigation privilege.  The claim for interference with prospective economic advantage claim is further barred because Plaintiffs are seeking damages for alleged interference with potential relationships that never arose.  These claims must be stricken under the Anti-SLAPP Law.

Plaintiffs' state law claim for malicious prosecution is further barred for at least three additional reasons:  (1) the U.S. Patent and Trademark Office ("PTO") conducted an independent investigation in response to Defendants' reexamination requests; (2) the claim is preempted by federal law, which makes clear that there is no private cause of action for alleged malicious prosecution on the PTO; and (3) Defendants cannot effectively defend themselves without revealing privileged communications with, and confidential information learned from, their clients.  *See Solin v. O'Melveny & Myers*, 89 Cal. App. 4th 451 (2001).  For all of these reasons, Plaintiffs' malicious prosecution claim must be stricken under the Anti-SLAPP Law.

Plaintiffs' state law claim for fraud is further barred by (1) federal preemption, which makes clear that that there is no private cause of action for alleged fraud on the PTO; and (2) Plaintiffs' failure to show acts of fraud through

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE

1  Defendants' alleged misconduct in mischaracterizing publications and patents in their
2  clients' reexamination requests.

3           Under CAL. CIV. PROC. CODE § 425.16(c), if Plaintiffs fail to prove a
4  probability of success in opposing this motion, the state law claims in the Complaint
5  must be stricken and Defendants must be awarded their attorneys' fees and costs.

6           To avoid unnecessary repetition, Defendants' rely on the MEMORANDUM
7  OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
8  PLAINTIFFS' COMPLAINT, which Defendants are filing concurrently and which is
9  incorporated by reference into this brief.

10                    II.    **BACKGROUND**

11          Supplementing the background discussion in the Motion to Dismiss,
12  Defendants provide the following procedural history.

13          This is the third Anti-SLAPP motion that Plaintiffs have forced
14  Defendants to file respecting this matter.  On June 4, 2007, Lockwood sued Sheppard
15  Mullin and Hangartner in Los Angeles Superior Court based upon the same
16  allegations underlying the state law claims in Plaintiffs' present Complaint.
17  Lockwood claimed that Sheppard Mullin and Hangartner intentionally interfered with
18  his prospective economic advantage by filing two requests for reexamination with the
19  PTO.  Lockwood sought $25 million in compensatory damages, unspecified punitive
20  and enhanced damages, and attorneys' fees.  (*See* Defendants' Request for Judicial
21  Notice, "RJN," Exh. J, submitted herewith.)  On September 21, 2007, Lockwood
22  purported to file a First Amended Complaint adding claims for malicious prosecution
23  and fraud based upon the same alleged underlying facts.  (RJN, Exh. K.)

24          Sheppard Mullin and Hangartner filed motions to strike Lockwood's
25  original and first amended complaints under the Anti-SLAPP Law.  On October 30,
26  2007, the Superior Court granted the motion to strike Lockwood's original complaint,
27  reasoning that Sheppard Mullin had shown that the original complaint was subject to
28  CAL. CIV. PROC. CODE § 425.16 and that Lockwood had not met his burden of

-2-

1  showing a probability of success on the merits of his claims.  The Court found that

2  Sheppard Mullin had shown that its reexamination requests were protected under

3  CAL. CIV. PROC. CODE § 425.16, which shifted the burden to Lockwood to show that

4  there was a probability that he would prevail on his claims.  Lockwood could not

5  meet this burden because of the litigation privilege of CAL. CIV. CODE § 47(b), among

6  other reasons.  The Court rejected Lockwood's spurious assertion that federal

7  interests somehow preempted the application of California's Anti-SLAPP Law and

8  litigation privilege without also preempting Lockwood's causes of action themselves.

9  (RJN, Exh. L.)

10         On January 4, 2008, the Superior Court granted Sheppard Mullin's

11 motion to strike Lockwood's first amended complaint.  Again, the Superior Court

12 held that Lockwood had not shown a likelihood that he would prevail on the merits of

13 his claims.  The Superior Court additionally held that Lockwood's malicious

14 prosecution claim was barred by the statute of limitations in CAL. CIV. PROC. CODE

15 § 335.1.  (RJN, Exh. M.)

16         On February 7, 2008, Lockwood appealed the rulings striking his

17 original and first amended complaints to the California Court of Appeal.  His

18 principal argument was that he filed his own claims in the wrong court and that the

19 Superior Court lacked subject matter jurisdiction to decide anything, even though he

20 had chosen to sue in that court.  Lockwood prevailed on the California Court of

21 Appeal to vacate the judgment solely on these jurisdictional grounds.  *Lockwood v.*

22 *Sheppard, Mullin, Richter & Hampton*, 173 Cal. App. 4th 675 (2009).  In its opinion,

23 the Court of Appeal noted "Sheppard Mullin's frustration that Lockwood is

24 challenging the jurisdiction of the court in which he chose to file his claims," *id*. at

25 682, but concluded that it had to address Lockwood's jurisdictional arguments

26 anyway.

27

28

-3-

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO STRIKE

# III.   DISCUSSION

## A.   California's Anti-SLAPP Law Applies to Plaintiffs' State Law Claims

The California Legislature enacted Cal. Civ. Proc. Code § 425.16, also known as the "California Anti-SLAPP Law," to address the "disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." Cal. Civ. Proc. Code § 425.16(a). In 1997, the Legislature amended section 425.16 to provide that "this section shall be construed broadly" to attain its goal of encouraging continued participation in matters of public significance. *Id.* The Anti-SLAPP Law is intended to provide a fast and inexpensive way to dismiss SLAPP suits and compensate defendants who are forced to defend against them.

The motion and attorneys' fee provisions of the Anti-SLAPP Law apply to Plaintiffs' state law claims brought in federal court. The Ninth Circuit has held that these provisions are "substantive" for *Erie* doctrine purposes because they do not conflict with the Federal Rules and advance the purposes of *Erie*. *See United States ex rel. Newsham v. Lockheed Missile & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999). Although federal procedures exist for challenging meritless claims (e.g., a motion to dismiss or strike under Rule 12 of the Federal Rules of Civil Procedure), the Ninth Circuit treats the more specific state Anti-SLAPP procedure as applicable in federal court and thus recognized for state law claims joined in federal question cases. *See In re Bah*, 321 B.R. 41, 46 (9th Cir. BAP 2005); *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 63 F. Supp. 2d 1127, 1129-30 (N.D. Cal. 1999). While "[s]tate anti-SLAPP rules do not apply in federal cases based entirely on federal claims (e.g., federal civil rights claims)," William W Schwarzer et al., Cal. Prac. Guide Civ. Pro. Before Trial § 1:443 (Rutter Group 2009), Plaintiffs' claims for malicious prosecution, interference with prospective economic advantage, and fraud are not federal claims and thus are subject to the Anti-SLAPP Law.

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO STRIKE

**B.    Legal Standards Governing the Striking of a SLAPP Suit**

The California Anti-SLAPP Law establishes a two-part procedure for dismissing SLAPP suits.  First, the defendant must show that the lawsuit arises from an "act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue." CAL. CIV. PROC. CODE § 425.16(b).  Upon such a showing, the burden shifts to the plaintiff to prove that "there is a probability that the plaintiff will prevail on the claim."  *Id*.  If the plaintiff fails to prove such a probability of success in opposing the defendant's special motion to strike, the complaint must be stricken and the prevailing defendant must be awarded its attorneys' fees and costs.  *Id*. § 425.16(c).

Because this action arises from Defendants' acts in furtherance of their rights of petition and free speech under the U.S. Constitution and California Constitution in connection with a public issue, and because Plaintiffs cannot establish a probability that they will prevail on their claims, Plaintiffs' claims for malicious prosecution, interference with prospective economic advantage, and fraud must be stricken.

**C.    This Action Arises from Defendants' Acts in Furtherance of Their Rights of Petition and Free Speech Under the U.S. Constitution and California Constitution in Connection with a Public Issue**

Section 425.16(e) of the California Code of Civil Procedure defines what actions constitute an "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a  public issue."  These actions include:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law;

> (2) any written or oral statement or writing made in connection with an issue under consideration or review by a

1   legislative, executive, or judicial body, or any other official

2   proceeding authorized by law . . .

3   CAL. CIV. PROC. CODE § 425.16(e).

4       **1.**     **The requests for reexamination were writings made before an**

5                  **executive proceeding.**

6       Under CAL. CIV. PROC. CODE § 425.16(e)(1), all petition-related activity

7   before a governmental body is protected, regardless of whether the statements

8   involve a public issue:  "[A]ll that matters is that the First Amendment activity take

9   place in an official proceeding or be made in connection with an issue being reviewed

10  by an official proceeding."  *Briggs v. Eden Council for Hope & Opportunity*,

11  19 Cal. 4th 1106, 1116 (1999) (disapproving earlier cases contra).  Thus, the

12  California Anti-SLAPP Law protects statements made to the U.S. Department of

13  Housing and Urban Development, *see id.* at 1114-15, and complaints filed with the

14  U.S. Securities and Exchange Commission, *see ComputerXpress v. Jackson*, 93 Cal.

15  App. 4th 993, 1009 (2001).  Similarly, the California Anti-SLAPP Law protects

16  statements about commercial drugs made to the U.S. Food and Drug Administration.

17  *DuPont Merck Pharm. Co. v. Superior Court*, 78 Cal. App. 4th 562, 564-67 (2000);

18  *see also Lee v. Fick*, 135 Cal. App. 4th 89, 96 (2005) ("[C]ommunications to an

19  official agency intended to induce the agency to initiate action are part of an 'official

20  proceeding.'").

21      Under these cases, the filing of a request for reexamination with the PTO

22  plainly constitutes petition-related activity before a governmental body.  The PTO is

23  a federal agency in the U.S. Department of Commerce.  *See* 35 U.S.C. § 1 ("The

24  United States Patent and Trademark Office is established as an agency of the United

25  States, within the department of Commerce.").  Reexamination proceedings thus

26  constitute official proceedings established by federal law.  *See* 35 U.S.C. § 302 ("Any

27  person at any time may file a request for reexamination by the Office of any claim of

28  a patent on the basis of any prior art . . . ").  Moreover, reexamination proceedings are

-6-

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO STRIKE

1   subject to judicial review.  *See* 35 U.S.C. § 306 ("The patent owner involved in a

2   reexamination proceeding under this chapter . . . may seek court review . . . with

3   respect to any decision adverse to the patentability of any original or proposed

4   amended or new claim of the patent.").  Thus, the requests for reexamination filed by

5   Sheppard Mullin were writings made before an executive proceeding, and therefore

6   are protected under CAL. CIV. PROC. CODE § 425.16(e)(1).

7           **2.    The requests for reexamination were writings made in connection**

8                   **with an issue under consideration or review by an official body.**

9           Pursuant to CAL. CIV. PROC. CODE § 425.16(e)(2), the protection for

10  statements made during an official proceeding extends to statements made outside an

11  official proceeding if the statements are sufficiently related to matters under

12  consideration by the official body.  As with CAL. CIV. PROC. CODE § 425.16(e)(1), so

13  long as the statements are made "in connection with an issue under consideration" by

14  a government body, they are protected, regardless of whether the statements concern

15  a public issue.  *See Vergos v. McNeal*, 146 Cal. App. 4th 1387, 1395 (2007).

16          As an initial matter, the PTO is an official adjudicatory body.  *See*

17  *Chamberlin v. Isen*, 779 F.2d 522, 524 (9th Cir. 1985) ("[I]t has long been recognized

18  that PTO employees perform a 'quasi-judicial' function in examining patent

19  applications"), citing *Compagnie De Saint-Gobain v. Brenner*, 386 F.2d 985, 987

20  (D.C. Cir. 1967) (noting adjudicatory function of patent examiner).  Thus, the

21  requests Sheppard Mullin filed were statements made "in connection with an issue

22  under consideration" by an official adjudicatory body.

23          Moreover, in the case at bar, the validity of Lockwood's patents was

24  under consideration by the U.S. District Court for the Southern District of California

25  at the time that Sheppard Mullin filed the requests for reexamination.  (Compl. ¶¶ 65-

26  69; RJN, Exhs. A-D).  It is common and encouraged for patent infringement

27  defendants to file requests for reexamination during the course of litigation, and for

28  courts to grant a stay of proceedings while the PTO conducts reexamination.  *See,*

-7-

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO STRIKE

1   *e.g., ASCII Corp. v. STD Entertainment USA Inc.*, 844 F. Supp. 1378 , 1381 (N.D.

2   Cal. 1994) ("[A] stay pending the outcome of USPTO reexamination and/or

3   reissuance proceedings is a sound means by which the court may facilitate resolution

4   of this action . . . [T]here is a liberal policy in favor of granting motions to stay

5   proceedings pending the outcome of USPTO reexamination or reissuance

6   proceedings.").

7          By filing the requests for reexamination, Sheppard Mullin made

8   statements concerning an issue under consideration in litigation.  The requests thus

9   were writings made in connection with an issue under consideration or review by an

10  official body, and therefore are protected under CAL. CIV. PROC. CODE

11  § 425.16(e)(2).

12      **3.    Lockwood cannot rebut the fact that this action arises from activity**

13          **protected under CAL. CIV. PROC. CODE § 425.16.**

14         Plaintiffs cannot rebut the fact that a reexamination request in the PTO

15  constitutes petition-related activity before a governmental body and is shielded by the

16  Anti-SLAPP Law.  The Patent Act broadly states that "*[a]ny person* at any time may

17  file a request for reexamination by the Office of any claim of a patent . . . "  35 U.S.C.

18  § 302.  There can be no dispute that federal law gave Sheppard Mullin the right to file

19  requests for reexamination and that doing so was protected by the Anti-SLAPP Law.

20         In the Los Angeles Superior Court proceedings, Lockwood sought to

21  rely upon a narrow exception created by *Flatley v. Mauro*, 39 Cal. 4th 299 (2006), for

22  conduct "illegal as a matter of law."  However, a plaintiff can show that conduct is

23  "illegal as a matter of law" *only* by the defendant's concession of its illegality or by

24  uncontroverted and conclusive evidence.  *Id.* at 320.  *Flatley* held that "[i]n such a

25  narrow circumstance, where either the defendant *concedes* the illegality of its conduct

26  or the illegality is *conclusively shown by the evidence*, the [Anti-SLAPP] motion

27  must be denied."  *Id.* at 316 (emphasis added); *see also id.* at 320.

28

-8-

1        This "narrow circumstance" was met in *Flatley* where the plaintiff, a

2   well-known entertainer, conclusively showed that the defendant, an attorney,

3   committed extortion by threatening to publicly accuse the entertainer of rape and

4   other violations of the law unless the entertainer "settled" by paying a sum of money

5   to the attorney's client. *Flatley*, 39 Cal. 4th at 329.  The evidence consisted of a

6   demand letter and telephone calls by the attorney, the substance of which was

7   uncontroverted and which conclusively met the elements of extortion. *Id. Flatley* is

8   wholly distinguishable from the present case, where Defendants concede nothing,

9   where a federal statute expressly gave Defendants the right to file the requests for

10  reexamination, and where the requests were filed on behalf of clients whom Sheppard

11  Mullin was representing in patent cases filed by Lockwood's company, PanIP.

12       A review of the reexamination requests themselves shows Sheppard

13  Mullin's conduct to be legal, and certainly not conclusively illegal.  The request for

14  reexamination of Lockwood's U.S. Patent No. 6,289,319 ("the '319 patent) stated that

15  "independent claim 1 is invalid under 35 U.S.C. § 102(b), as anticipated by the prior

16  art *Electronic Mall* (Exhibit B)" and three other references.  (RJN, Exh. G at 1.)  The

17  request added that "this manual [Exhibit B to the request] is believed to be a 1986

18  version based on the system descriptions and the pagination." (*Id*. at 8)  The

19  Complaint does not dispute that the Electronic Mall manual was from 1986.  (Compl.

20  ¶ 50.)  The Complaint also does not dispute that the application for the '319 patent

21  was filed in 1994, eight years after the Electronic Mall manual was published. (*Id*.

22  ¶ 22.)  In both the PTO reexamination proceedings and the Los Angeles Superior

23  Court litigation, Lockwood *argued* that the earliest priority date of the '319 patent

24  was January 24, 1986, based on prior applications he had filed, and that this date

25  preceded the publication of the Electronic Mall manual.  But prevailing on that

26  argument in no way made the reexamination request *illegal*.  The fact that an

27  argument made to an adjudicatory agency fails does not make assertion of the

28  argument illegal.

-9-

1    It is immaterial whether the reexamination request for the '319 patent

2    made other statements about whether the Electronic Mall system itself was in public

3    use at an earlier date.  The reexamination statutes, 35 U.S.C. §§ 301, 302, state that

4    only "patents or printed publications" may form the basis of reexamination.  Patent

5    examiners plainly know this, and in any event the Complaint does not challenge the

6    veracity of the statements.  As for whether Sheppard Mullin had an obligation to note

7    in the reexamination request that the Electronic Mall manual was marked

8    "confidential and proprietary," Plaintiffs concede that Sheppard Mullin did submit

9    the manual to the PTO.  (*See* Compl. ¶ 50, referring to the manual as "the submitted

10   document.")  Moreover, there is no allegation in the Complaint that the manual was,

11   in fact, confidential and proprietary.  Sheppard Mullin's statements about the

12   Electronic Mall manual simply were not illegal.

13   Plaintiffs also claim that Sheppard Mullin committed fraud when it

14   allegedly said the "Ivis reference" was "new."  (Compl. ¶ 51.)  Again, Sheppard

15   Mullin did nothing illegal.  Although Plaintiffs state that the Ivis reference "had been

16   of record in the file of Plaintiff Lockwood's 'grandparent patent application' . . . from

17   which the '319 Patent issued," Plaintiffs apparently concede that Ivis was not of

18   record in the file of the '319 patent itself.  (Compl. ¶ 51.)  Sheppard Mullin's

19   statements about the Ivis reference were simply not illegal.

20   Each of Plaintiffs' remaining allegations is either a complaint about

21   attorney argument (*see, e.g.*, Compl. ¶ 52 ("[S]tating that all limitations of claim 1 are

22   met by Comp-U-Store was a misrepresentation to the USPTO.")), or is attorney

23   argument itself.  (*See, e.g.*, Compl. ¶ 53 ("A person of ordinary skill in this technical

24   field . . . would readily realize that there was nothing in Globecom (the entire

25   document being broadly cited) that came within the teaching of at least the claim 1

26   limitations identified above.").)  These allegations are simply quarrels about the

27   content of the references that Sheppard Mullin submitted to the PTO and lawyer

28   argument that reasonable attorneys would allegedly have known that the references

-10-

1   did not apply to the claims in Lockwood's patents.  None of Sheppard Mullin's

2   statements were improper, let alone illegal.  *See Rothman v. Target Corp.*, 556 F.3d

3   1310, 1329 (Fed. Cir. 2009 ("[T]his type of conclusory analysis betrays no intent to

4   deceive the PTO and obtain a patent with objectively false information.  Rather, it is

5   an attempt to characterize the prior art in a manner favorable to the attorney's client

6   — far from deception."); *Young v. Lumenis, Inc.*, 492 F.3d 1336, 1348 (Fed. Cir.

7   2007) ("We therefore fail to see how the statements . . . which consist of attorney

8   argument and an interpretation of what the prior art discloses, constitute affirmative

9   misrepresentations of material fact.").

10         In any event, Plaintiffs concede that the patent examiner had the actual

11  prior patents and printed publications cited by Defendants before him throughout the

12  reexamination process.  It is thus wholly immaterial what Sheppard Mullin said about

13  this prior art.  As stated by the Federal Circuit in an analogous context in *Akzo N.V. v.*

14  *United States Int'l Trade Comm'n*, 808 F.2d 1471 (Fed. Cir. 1986), in which the

15  patentee Du Pont was accused of making misleading arguments to the PTO about the

16  prior art to obtain the patent-in-suit:

17         We uphold the Commission's findings and conclusion

18         that Du Pont's affidavit or arguments before the examiner

19         did not constitute material misrepresentations.  As Akzo

20         concedes, the examiner had both the Morgan '645 patent and

21         the Kwolek '542 patents *before him throughout the*

22         *examination process*.  It was on the basis of these two

23         patents that Du Pont's first three applications were rejected.

24         The mere fact that Du Pont attempted to distinguish the

25         Blades process from the prior art does not constitute a

26         material omission or misrepresentation.  *The examiner was*

27         *free to reach his own conclusion* regarding the Blades

28         process based on the art in front of him.

-11-

1 │ *Id.* at 1482 (emphasis added).

2 │      In short, the Federal Circuit held that the patentee had not violated any

3 │ duty to the PTO in arguing about the content of prior art references because the

4 │ examiner had the references "before him throughout the examination process" and

5 │ "was free to reach his own conclusion."  808 F.2d at 1482.[1]  As in *Akzo*, the patent

6 │ examiner here had the prior art references before him throughout the reexamination

7 │ process.  The mere fact that Sheppard Mullin attempted to show that the claims of

8 │ Lockwood's patents were anticipated by the references does not constitute an

9 │ actionable misrepresentation and does not show anything illegal.

10 │      In sum, either the reexamination requests on their face conclusively

11 │ prove Plaintiffs' claims or they do not.  As discussed above, they do not.  Plaintiffs

12 │ thus cannot establish by uncontroverted and conclusive evidence that the requests

13 │ were illegal and thus wholly outside the Anti-SLAPP Law.

14 │     **4.**     **Federal Interests Do Not Preempt the Application of California's**

15 │         **Anti-SLAPP Law**

16 │      In the Los Angeles Superior Court proceedings, Lockwood also sought

17 │ to bypass the Anti-SLAPP Law by arguing that it conflicts with federal interests in

18 │ patent law.  During the Local Rule 7-3 conference for this motion, Plaintiffs' counsel

19 │ indicated that Plaintiffs would again assert a variation of this argument and argue that

20 │ the Anti-SLAPP Law conflicts with federal interests.  The argument is meritless.

21 │ Except for the RICO claims, Plaintiffs' case is a state tort case, and Defendants

22 │ plainly have the right to assert *state law defenses and immunities, including the state*

23 │ *Anti-SLAPP Law, against state law claims.  See In re Bah*, 321 B.R. at 46

24 │

---

25 │ [1] Inequitable conduct, which is a broader, more inclusive concept than common law
26 │ fraud, is often asserted as a defense to enforceability of a patent, as in *Akzo*.  To
  demonstrate fraud, "a claimant must make higher threshold showings of both
  materiality and intent than are required to show inequitable conduct."  *Dippin'*
27 │ *Dots, Inc. v. Mosey*, 476 F.3d 1337, 1346 (Fed. Cir. 2007) (quotation omitted).
  Thus, if no inequitable conduct exists, *a fortiori* there is no fraud.

28 │

    MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO STRIKE

1   ("Important substantive state interests—the protection of citizens' constitutional

2   rights of freedom of speech and petition for the redress of grievances—are furthered

3   by the anti-SLAPP statute and application of the statute to state law claims would not

4   undermine federal interests.") (citing *Globetrotter Software*, 63 F. Supp. 2d at 1129-

5   30); *United States v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 970-73 (9th Cir.

6   1999) (holding that California's Anti-SLAPP Law applies to diversity actions in

7   federal court).

8          All of the cases cited in the preceding paragraph analyzed whether the

9   Anti-SLAPP Law directly conflicted with federal interests.  As in those cases,

10  Plaintiffs here cannot identify any federal interests that the Anti-SLAPP Law would

11  undermine.  If the Anti-SLAPP Law bars Plaintiffs' claims for malicious

12  prosecution, interference with prospective economic advantage, and fraud, no

13  federal interest is undermined.  There is no federal law requiring that states must

14  give patentees the right to file a tort suit for fraudulent or malicious conduct in a

15  reexamination request.  And there is no federal law suggesting that states must

16  withhold substantive immunities, such as the Anti-SLAPP Law, that are designed to

17  protect defendants from litigious plaintiffs.  Federal law does not anticipate the use

18  of California tort law to enforce PTO practice rules, such that California's Anti-

19  SLAPP Law should be preempted.  There is simply no federal interest with which

20  the Anti-SLAPP law can collide.  Thus, as in the cases cited in the preceding

21  paragraph, conflict preemption does not exist and the Anti-SLAPP Law applies.

22  *See, e.g., Lockheed Missiles*, 190 F.3d at 972 (holding that the Anti-SLAPP Law and

23  Federal Rules "can exist side by side"); s*ee also Dealertrack, Inc. v. Huber* 460 F.

24  Supp. 2d 1177 (C.D. Cal. 2006) (striking libel claim under Anti-SLAPP Law in

25  patent and copyright infringement case).

26          In sum, Defendants have the right to assert state law immunities and

27  state law defenses against state law claims.  Plaintiffs cannot prove otherwise.

28

-13-

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO STRIKE

**D.** **Plaintiffs Cannot Show a Probability of Prevailing on Their Malicious Prosecution Claim**

Defendants have met their burden of showing an "act in furtherance of [their] right of petition or free speech under the United States or California Constitution in connection with a public issue." CAL. CIV. PROC. CODE § 425.16(b)(1). The burden thus shifts to Plaintiffs to show that there is a probability that they will prevail on their claims. To meet this burden, Plaintiffs must show that the Complaint is legally sufficient and must make a prima facie showing of admissible facts to sustain a judgment in their favor. *See Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 823 (1994).

Respecting their malicious prosecution claim, Plaintiffs cannot make a prima facie showing of admissible facts to sustain a judgment in their favor for at least the following reasons: (1) because the reexamination requests were granted in July 2003, Plaintiffs' claim for malicious prosecution is barred by the two-year statute of limitations for such claims; (2) the PTO conducted an independent investigation in response to the reexamination requests; and (3) the malicious prosecution claim is preempted by federal law. These reasons are discussed in Defendants' Motion to Dismiss, which is incorporated by reference into this brief. While Defendants are offering these defenses in their motion papers, the burden remains upon Plaintiffs to establish their case. *See* CAL. CIV. PROC. CODE § 425.16(b)(1).

Plaintiffs also cannot prevail on their malicious prosecution claim under the holding of *Solin v. O'Melveny & Myers*, 89 Cal. App. 4th 451 (2001). In *Solin*, an attorney hired a law firm to get advice about the attorney's representation of two clients in a criminal matter. The attorney disclosed to the firm confidential information about his own clients. The attorney subsequently sued the law firm for malpractice, claiming that the firm failed to advise him about pertinent legal authority. The court dismissed the case because the firm had no way to defend itself

-14-

1    without revealing the confidences and secrets learned from the attorney about his

2    clients in the criminal matter.  Since the clients in the criminal matter had not sued,

3    they had not waived their right to confidentiality and attorney-client privilege.

4            Here, likewise, Plaintiffs were never clients of Sheppard Mullin but now

5    sue Sheppard Mullin based upon its work for the twenty clients that it was defending

6    in PanIP's patent infringement cases.  Plaintiffs thus have placed in contention issues

7    that necessarily implicate attorney-client communications.  Therefore, as in *Solin*,

8    there is no way that Sheppard Mullin can effectively defend itself without revealing

9    confidential information learned from its clients.  For the reasons stated in *Solin*,

10   Plaintiffs' claim for malicious (as well as their claims for interference with

11   prospective economic advantage and fraud) must be dismissed.

12   **E.     Plaintiffs Cannot Show a Probability of Prevailing on Their Claim for**

13           **Interference with Prospective Economic Advantage**

14           Respecting their claim for interference with prospective economic

15   advantage, Plaintiffs cannot make a prima facie showing of admissible facts to

16   sustain a judgment in their favor for at least the following reasons:  (1) Sheppard

17   Mullin's act of filing the requests for reexamination was covered by the litigation

18   privilege of CAL. CIV. CODE § 47(b) and thus was absolutely privileged; and

19   (2) because the requests were granted in July 2003, Plaintiffs' claim for interference

20   with prospective economic advantage is barred by the two-year statute of limitations

21   for such claims.  These reasons are discussed in Defendants' Motion to Dismiss.

22           Plaintiffs also cannot prevail on their claim for interference with

23   prospective economic advantage because California case law is clear that "an

24   essential element of the tort of intentional interference with prospective business

25   advantage is the *existence* of a business relationship with which the tortfeasor

26   interfered."  *Roth v. Rhodes*, 25 Cal. App. 4th 530, 546 (1994) (emphasis added)

27   (affirming grant of judgment on pleadings).  As reaffirmed in *Westside Center*

28   *Assocs. v. Safeway Stores 23, Inc.*, 42 Cal. App. 4th 507 (1996), "the interference tort

-15-

1   applies to interference with *existing* noncontractual relations which hold the promise

2   of future economic advantage.  In other words, it protects the expectation that the

3   relationship eventually will yield the desired benefit, *not* necessarily the more

4   speculative expectation that a *potentially* beneficial relationship will eventually arise."

5   *Id*. at 524 (emphasis added).

6          Here, Plaintiffs seek damages for alleged interference with potential

7   relationships that never arose.  The Complaint makes clear that PanIP "licensed the

8   Patents as a result of an expensive and well-researched enforcement program that

9   included PanIP filing an infringement action in the federal district court for the

10   Southern District of California."  (Compl. ¶ 2.)  In other words, PanIP sued

11   companies for patent infringement in San Diego federal court and extracted licenses

12   to settle the cases.  These lawsuits resulted licensing relationships with over twenty-

13   five companies."  (*Id*.)

14          But Plaintiffs do not claim that Defendants interfered with these twenty-

15   five relationships.  Instead, Plaintiffs claim the loss of potential "business

16   relationships in the form of targeted licensors."  (Compl. ¶ 70.)  Plaintiffs did not

17   have existing business relations with these unnamed potential licensors.  An existing

18   business relationship does not arise just because a company might be infringing a

19   patent and might be targeted for a lawsuit.

20          Plaintiffs' alleged "patent licensing program for the benefit of tax-

21   exempt, non-profit organizations" also fails to state an existing business relationship.

22   (Compl. ¶ 75.)  PanIP had "developed" the program and was "preparing" to submit a

23   request to the IRS for a "private letter ruling," but apparently had not entered into any

24   business relationships.  (*Id*.)  As for Plaintiffs' alleged meeting in 2004 with

25   executives for the Motion Picture Association of America (MPAA) and Recording

26   Industry Association of America (RIAA) (*id*. ¶ 76), the meeting was too late.

27   Sheppard Mullin filed the reexamination requests May 5, 2003, and there is no

28

MEMORANDUM OF POINTS AND AUTHORITIES IN
                                              SUPPORT OF DEFENDANTS' MOTION TO STRIKE

1    allegation that Plaintiffs had any relationship with either the MPAA or the RIAA at

2    that time (or that Defendants even knew about it).

3    **F.      Plaintiffs Cannot Show a Probability of Prevailing on Their Fraud Claim**

4                      Respecting their fraud claim, Plaintiffs cannot make a prima facie

5    showing of admissible facts to sustain a judgment in their favor for at least the

6    following reasons:  (1) Sheppard Mullin's act of filing the requests for reexamination

7    was covered by the litigation privilege of CAL. CIV. CODE § 47(b) and thus was

8    absolutely privileged; (2) because the requests were granted in July 2003, Plaintiffs'

9    claim for fraud is barred by the three-year statute of limitations for such claims; and

10   (3) Plaintiffs are asserting a "fraud-on-the-agency claim" of the type found to be

11   preempted by federal law as stated in *Buckman Co. v. Plaintiffs' Legal Committee*,

12   531 U.S. 341 (2001) (holding fraud-on-the-FDA claims barred by federal law)..

13   These reasons are discussed in Defendants' Motion to Dismiss, which is incorporated

14   by reference into this brief.

15                              **IV.     CONCLUSION**

16                   For the foregoing reasons, Plaintiffs' Complaint must be stricken under

17   the California Anti-SLAPP Law and Defendants awarded their attorneys' fees and

18   costs.

19

20   Dated:  September 11, 2009

21                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

22

23                              By _____*/s/ Darren M. Franklin*
                                           DARREN M. FRANKLIN
24
                                       Attorneys for Defendants
25                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP,
26                              JONATHAN HANGARTNER and STEVE P. HASSID

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN
                                                    SUPPORT OF DEFENDANTS' MOTION TO STRIKE