| | |
|---|---|
| 1 | HOWARTH & SMITH |
| | DON HOWARTH, State Bar No. 53783 |
| 2 | dhowarth@howarth-smith.com |
| | SUZELLE M. SMITH, State Bar No. 113992 |
| 3 | ssmith@howarth-smith.com |
| | KATHRYN LEE BOYD, State Bar No. 189496 |
| 4 | lboyd@howarth-smith.com |
| | 523 West Sixth Street, Suite 728 |
| 5 | Los Angeles, California 90014 |
| | Telephone: (213) 955-9400 |
| 6 | Facsimile: (213) 622-0791 |
| 7 | Attorneys for Plaintiff |
| | LAWRENCE B. LOCKWOOD, PANIP, LLC |
| 8 | |
| 9 | GREGORY A. LONG, Cal. Bar No. 57642 |
| | glong@sheppardmullin.com |
| 10 | GARY A. CLARK, Cal. Bar No. 65455 |
| | gclark@sheppardmullin.com |
| 11 | DARREN M. FRANKLIN, Cal. Bar No. 210939 |
| | dfranklin@sheppardmullin.com |
| 12 | DENNIS J. SMITH, Cal. Bar No. 233842 |
| | djsmith@sheppardmullin.com |
| 13 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| | A Limited Liability Partnership |
| 14 | Including Professional Corporations |
| | 333 South Hope Street, 43rd Floor |
| 15 | Los Angeles, California 90071-1422 |
| | Telephone: (213) 620-1780 |
| 16 | Facsimile: (213) 620-1398 |
| 17 | Attorneys for Defendants |
| | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP, |
| 18 | JONATHAN HANGARTNER and STEVE P. HASSID |

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 21 | LAWRENCE B. LOCKWOOD, PANIP, LLC, | ) CASE NO. CV 09-5157 JFW (AGRx) |
| 22 | | ) **JOINT REPORT OF** |
| 23 | Plaintiffs, | ) **CONFERENCE PURSUANT TO** ) **FED. R. CIV. P. 26(f) AND L.R. 26-1** |
| 24 | vs. | ) The Honorable John F. Walter ) Ctrm: 16 |
| 25 | | ) |
| 26 | SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP, JONATHAN HANGARTNER, STEVE P. HASSID, | ) ) ) |
| 27 | | ) |
| 28 | Defendants. | ) |

Pursuant to Federal Rule of Civil Procedure 26(f), counsel for the parties met and conferred on September 23, 2009. Lee Crawford-Boyd participated in the Rule 26(f) meeting on behalf of Plaintiffs Lawrence B. Lockwood and PanIP, LLC ("Plaintiffs"), and Gary Clark and Darren Franklin participated on behalf of Defendants Sheppard, Mullin, Richter & Hampton LLP, Jonathan Hangartner, and Steve P. Hassid ("Defendants"). Plaintiffs and Defendants hereby submit the following Joint Discovery Plan/Report of Conference pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1.

## INITIAL DISCLOSURES

The parties agree that initial disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be made on or before October 16, 2009. The parties agree to serve their initial disclosures on or before that date by e-mail and/or U.S. Mail. There are no other changes to be made in the timing, form, or requirement for such disclosures.

## DISCOVERY

Plaintiffs state that written discovery is needed on all of the causes of action in the Complaint and that this written discovery should begin after the initial disclosures are exchanged on October 16, 2009. Defendants state that the Complaint should be dismissed and/or stricken without discovery for the reasons set forth in Defendants' pending motion to dismiss and motion to strike Plaintiffs' state law claims pursuant to Cal. Civ. Proc. Code § 425.16. Plaintiffs state that because the claims arise under federal law, Section 425.16 does not apply, and in any event, Plaintiffs will be submitting ample evidence in support of their claims (including expert testimony) which raise several genuine issues of material fact. To the extent that the Court finds any factual issues that need to be resolved before deciding the motions (and there is a dispute between Defendants and Plaintiffs on this issue), discovery should be staged so that discovery limited to these particular issues proceeds first, before any other discovery takes place. If the Court denies the

motions without specifying particular factual issues that need resolution, then Defendants agree that discovery should proceed on all of the causes of action in the Complaint and Defendants' defenses thereto. Defendants have not yet answered the Complaint in view of their pending motion to dismiss.

The parties agree that a privilege log pertaining to a discovery request will be due 30 days after the written response to the discovery request is due, or earlier if reasonable. A party may serve a privilege log by e-mail.

The parties agree that no confidential documents or information will be exchanged unless and until the Court enters an appropriate protective order protecting such information.

The parties do not foresee any unusual issues about disclosure or discovery of electronically stored information. The parties agree that electronically stored information will be produced in hard copy form initially. If the disclosing and/or discovering party believes that producing in an electronic format is more convenient, then the electronically stored information will additionally or alternatively be produced in an electronic format agreed upon by the parties. A party need not produce metadata unless the discovering party shows good cause for needing the metadata.

Plaintiffs intend to conduct depositions beginning in January 2010, after receiving responses to initial written discovery and production of documents. If their pending motions are not granted, Defendants intend to conduct depositions after obtaining responses to written discovery and document production from Plaintiffs.

The parties agree that the following documents generated during this action are not discoverable: draft expert reports; documents created in the drafting process for expert reports, including communications between counsel and the expert about the drafting process of the expert report, or about the drafting of the expert report; and communications with experts pertaining to strategies regarding the issues in the case.

The parties agree that discovery should otherwise be conducted in accordance with the Federal Rules of Civil Procedure and the Local Rules.

The parties consent to service by e-mail to counsel of documents in this action.

### TIME TABLE

The parties propose the following schedule for litigation of this matter:

(1) Plaintiffs state that, on December 16, 2009, they will serve Defendants with Requests for Admission, Interrogatories, and Requests for Production of Documents. Defendants state that, to the extent that the Court finds any particular factual issues that need to be resolved before deciding Defendants' pending motions (and Defendants believe there are none), discovery should be staged as discussed above.

(2) The parties have stipulated that no responses to discovery are due by either Plaintiffs or Defendants until thirty (30) days after this Court has decided Defendants' special motion to strike and motion to dismiss.

(3) Plaintiffs state that they will notice depositions of the parties on or before February 1, 2010, and conduct them on or before April 1, 2010. If their pending motions are not granted, Defendants intend to conduct depositions after obtaining responses to written discovery and document production from Plaintiffs.

(4) Expert reports pursuant to Federal Rule Civil Procedure 26 (a)(2)(B) on issues for which a party bears the burden of proof at trial are due on April 1, 2010. Expert reports on issues for which a party does not bear the burden of proof at trial are due three weeks later on April 22, 2010. Counsel anticipate no more than three designated experts per side.

(5) Discovery Cutoff: Discovery shall be completed by June 3, 2010.

(6) Motion Schedule: All dispositive and partially dispositive motions shall be heard by June 21, 2010.

(7) Final Pretrial Conference: August 16, 2010.

1     (8)    The parties agreed on a trial date of September 13, 2010.

## PROTECTIVE ORDER

The parties have jointly stipulated to a Confidentiality Agreement and [Proposed] Protective Order, which is lodged herewith.

## MANUAL FOR COMPLEX LITIGATION

The parties do not foresee a need for utilizing the procedures of the Manual for Complex Litigation.

## MOTIONS

If the Court denies Defendants' pending motion to dismiss and motion to strike Plaintiffs' state law claims pursuant to Cal. Civ. Proc. Code § 425.16, then Defendants are likely to make a motion for summary judgment on all claims in the Complaint.

## ADDITIONAL PARTIES

Plaintiffs do not anticipate any additional parties at this time. Defendants are considering a counterclaim against Plaintiffs and their counsel pertaining to the state court action that was dismissed for lack of subject matter jurisdiction.

## SETTLEMENT

Plaintiffs are willing to consider mediation at any time, and submit to the mandatory settlement proceedings under Local Rule 16-15, including the option of appearing before the magistrate assigned to the case. Defendants believe settlement is unlikely. Settlement discussions have not taken place and are not scheduled. Defendants propose Settlement Procedure No. 1 with a magistrate judge under Local Rule 16-15.4.

## TRIAL ESTIMATE

The parties estimate a trial lasting approximately eight (8) days based on the current pleadings.

**ELECTRONIC CASE FILING**

Lead trial counsel for both parties confirm that they are registered as ECF users. The e-mail address for Plaintiffs' lead trial counsel is lboyd@howarth-smith.com. The e-mail address for Defendants' lead trial counsel is glong@sheppardmullin.com.

Dated: October 5, 2009

Respectfully Submitted,

HOWARTH & SMITH
DON HOWARTH
SUZELLE M. SMITH
KATHRYN LEE BOYD

By: *[signature]*
KATHRYN LEE BOYD

Attorneys for Plaintiffs
LAWRENCE B. LOCKWOOD, PANIP, LLC

Dated: October 5, 2009

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *[signature]*
DARREN M. FRANKLIN

Attorneys for Defendants
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP,
JONATHAN HANGARTNER and STEVE P. HASSID