1  HOWARTH & SMITH
   DON HOWARTH, State Bar No. 53783
2    dhowarth@howarth-smith.com
   SUZELLE M. SMITH, State Bar No. 113992
3    ssmith@howarth-smith.com
   KATHRYN LEE BOYD, State Bar No. 189496
4    lboyd@howarth-smith.com
   523 West Sixth Street, Suite 728
5  Los Angeles, California 90014
   Telephone: (213) 955-9400
6  Facsimile:  (213) 622-0791

7  Attorneys for Plaintiff
   LAWRENCE B. LOCKWOOD, PANIP, LLC
8

9              UNITED STATES DISTRICT COURT

10        FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12 LAWRENCE B. LOCKWOOD, PANIP,      )  CASE NO.  CV09-5157 JFW (AGRx)
   LLC,                             )
13                                  )  The Honorable John F. Walter
              Plaintiffs,           )  Ctrm: 16
14                                  )
                                    )
15    vs.                           )  **DECLARATION OF DAVID G.**
                                    )  **KAY IN SUPPORT OF**
16 SHEPPARD, MULLIN, RICHTER        )  **PLAINTIFFS' OPPOSITION TO**
   &HAMPTON, LLP, JONATHAN          )  **DEFENDANTS' SPECIAL**
17 HANGARTNER, STEVE P. HASSID,     )  **MOTION TO STRIKE**
                                    )
18            Defendants.           )
                                    )  Hearing Date:  November 9, 2009
19                                  )  Time:  1:30 p.m.
                                    )  Ctrm:  16
20 _____ )

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

1.     Personal Background. I have taught computer science and related subjects full time for twenty-eight years, first at the University of California Los Angeles and now at the University of California Irvine, where I am a tenured senior lecturer in Computer Science and Informatics and Vice Chair of the Informatics department. During my career I have taught and written about the design, architecture, and organization of computer systems and about electronic, network-based commercial transactions. My curriculum vitae is attached as Exhibit A.

2.     In the past four years, I have testified at deposition in two cases: Cogent v. Northrop, case BC332199, California Superior Court in and for the County of Los Angeles (2007), and DRS v. KET, case CV 06-6666- VBF(PLAx), U.S. District Court for the Central District of California (2008).

3.     Compensation. I am compensated for my time in this matter at an hourly rate of $375 for research, analysis, and preparation, and $450 for appearance at deposition or trial.

4.     Materials Reviewed. In preparing this declaration I have reviewed U.S. Patent No. 6,289,319 (the '319 Patent), U.S. Patent No. 5,576,951 C1 (the '951 Patent), U.S. Patent No. 4,359,631 (the '631 Patent), and portions of the reexamination file histories of the '319 Patent and '951 Patent, including the two Requests for Reexamination for the '319 Patent and the '951 Patent filed on May 5, 2003, as well as the appended references listed below, the complaint in this action, the certificates of reexamination of the '319 and '951 Patents.

5.     This analysis is preliminary and subject to change based on continuing investigation during discovery and subject to receipt of additional information or reports from either party or their experts. I therefore reserve the right to amend or supplement my opinions accordingly.

6.     Analysis of the '319 Patent Reexamination Request. I have reviewed U.S. Patent No. 6,289,319 (the '319 patent) and the three primary references supplied with the Request for Reexamination of that patent: those references are designated "Comp-

1

1  U-Store," "Globecom," and "Discount Store News."  Taking each limitation of each

2  claim of the '319 Patent in sequence, I searched in each reference to check whether

3  that reference delineated features or functionality described by that limitation.  It is my

4  opinion that those references, taken together or separately, fail to delineate a

5  significant portion of the distinguishing patented features of the invention which are

6  described by the claims of the '319 Patent.

7       7.    Analysis of Claim 1 of the '319 Patent and the Comp-U-Store reference.

8  I have searched the Comp-U-Store reference for *an automatic data processing system*

9  *for processing business and financial transactions between entities from remote sites.*

10  I located this functionality in the reference.

11       8.    I searched the Comp-U-Store reference for *a central processor*

12  *programmed and connected to process a variety of inquiries and orders transmitted*

13  *from remote sites.*  I located this functionality in the Comp-U-Store reference.

14       9.    I searched the Comp-U-Store reference for *a central processor including*

15  *means for receiving information about transactions from remote sites.*  I located this

16  functionality in the reference.

17       10.    I searched the Comp-U-Store reference for *a central processor including*

18  *means for retrievably storing information.*  I did not locate this functionality in the

19  reference; this is contrary to what was asserted in the Request for Reexamination.

20       11.    I searched the Comp-U-Store reference for *a central processor including*

21  *at least one terminal at a remote site which includes a data processor and operational*

22  *sequencing lists of program instructions.*  I did not locate this functionality in the

23  reference; this is contrary to what was asserted in the Request for Reexamination.

24       12.    I searched the Comp-U-Store reference for *a central processor including*

25  *means for remotely linking at least one terminal to the central processor and for*

26  *transmitting data back and forth between the processor and the terminal.*  I located

27  this functionality in the reference.

28  / / /

2

DECLARATION OF DAVID G. KAY

13. I searched the Comp-U-Store reference for *at least one terminal further comprising means for dispensing information and services for at least one of the entities*. I located this functionality in the reference.

14. I searched the Comp-U-Store reference for *at least one terminal including a video screen*. I located this configuration in the reference.

15. I searched the Comp-U-Store reference for *at least one terminal with means for holding operational data including programming, informing and inquiring sequences of data*. I did not locate this configuration in the reference; this is contrary to what was asserted in the Request for Reexamination.

16. I searched the Comp-U-Store reference for *at least one terminal with means for manually entering information*. I located this functionality in the reference.

17. I searched the Comp-U-Store reference for *at least one terminal with means for storing information, inquiries and orders for said transaction entered by one of said entities via said means for manually entering information, and data received through and from the central processor*. I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

18. I searched the Comp-U-Store reference for *at least one terminal with on-line means for transmitting said information, inquiries and orders to the central processor*. I located this functionality in the reference.

19. I searched the Comp-U-Store reference for *at least one terminal having on-line means for receiving data comprising operator-selected information and orders from the central processor via the linking means*. I located some indication of this functionality in the reference.

20. I searched the Comp-U-Store for *at least one terminal having means for outputting said informing and inquiring sequences on the video screen in accordance with preset routines and in response to data entered through the means for entering information*. I located some indication of this functionality in the reference.

/ / /

3

1      21.    I have searched the Comp-U-Store reference for *at least one terminal*

2 *having means for controlling the means for storing, means for outputting, and means*

3 *for transmitting, including means for fetching additional inquiring sequences in*

4 *response to a plurality of the data entered through the means for entering and in*

5 *response to information received from the central processor.*   I did not locate this

6 functionality in the reference; this is contrary to what was asserted in the Request for

7 Reexamination.

8      22.    I searched the Comp-U-Store for *at least one terminal with the informing*

9 *sequences including directions for operating the terminal, and for presenting*

10 *interrelated segments of the operational data describing a plurality of transaction*

11 *operations.*   I did not locate this functionality in the reference; this is contrary to what

12 was asserted in the Request for Reexamination.

13      23.    I searched the Comp-U-Store reference for *programming sequences*

14 *including means for interactively controlling the operation of the video screen, data*

15 *receiving and transmitting means.*   I did not locate this functionality in the reference;

16 this is contrary to what was asserted in the Request for Reexamination.

17      24.    I searched the Comp-U-Store reference for *programming sequences*

18 *including means for selectively retrieving the data from the means for storing.*   I did

19 not locate this functionality in the reference; this is contrary to what was asserted in

20 the Request for Reexamination.

21      25.    I searched the Comp-U-Store reference for *means for storing comprising*

22 *means for retaining the operational sequencing list and means responsive to the status*

23 *of the various means for controlling their operation.*   I did not locate this

24 functionality in the reference; this is contrary to what was asserted in the Request for

25 Reexamination.

26      26.    I searched the Comp-U-Store reference for *a central processor further*

27 *including the means responsive to data received from one of the terminals for*

28 */ / /*

4

          DECLARATION OF DAVID G. KAY

*immediately transmitting selected stored information to the terminal.* I located this functionality in the reference.

27. I searched the Comp-U-Store reference for *a central processor further including the means responsive to an order received from a terminal for updating data in the means for storing.* I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

28. I have searched the Comp-U-Store reference for *an automatic data processing system for processing business and financial transactions between entities from remote sites that can be used by said entities, each using one of the terminals to exchange information, and to respond to inquiries and orders instantaneously and over a period of time.* I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

29. I have not analyzed Claim 2 of the '319 Patent and the Comp-U-Store reference because the Request for Reexamination did not challenge the validity of dependent Claim 2.

30. Analysis of Claim 3 of the '319 Patent and the Comp-U-Store reference. I have searched the Comp-U-Store reference for *the system of Claim 1, wherein said inquiring and informing sequences of data comprise textual and graphical data.* I located this functionality in the reference.

31. Analysis of Claim 4 of the '319 Patent and the Comp-U-Store reference. I have searched the Comp-U-Store reference for *the system of Claim 3, wherein the means for outputting further comprise means for generating audible informing and inquiring messages.* I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

32. Analysis of Claim 5 of the '319 Patent and the Comp-U-Store reference. I have searched the Comp-U-Store reference *for the system of Claim 4, wherein the means for outputting further comprise means for synchronizing said audible* / / /

5

DECLARATION OF DAVID G. KAY

1   *messages with the textual and graphical data.* I did not locate this functionality in the

2   reference; this is contrary to what was asserted in the Request for Reexamination

3   33.   Analysis of Claim 6 of the '319 Patent and the Comp-U-Store reference.

4   I have searched the Comp-U-Store reference for *the system of claim 3, wherein the*

5   *means for holding comprise an optical disc.* I located this functionality in the

6   reference.

7   34.   I have read U.S. Patent No. 4,359,631 (the "631 Patent"), which I

8   understand was the primary prior art for the original allowance of the '319 Patent; in

9   my opinion, it more closely described the functionalities of the '319 Patent than did

10   the Comp-U-Store reference.

11   35.   Analysis of Claim 1 of the '319 Patent and the Globecom reference.   I

12   have searched the Globecom reference for *an automatic data processing system for*

13   *processing business and financial transactions between entities from remote sites.*   I

14   did not locate this functionality in the reference; this is contrary to what was asserted

15   in the Request for Reexamination.

16   36.   I searched the Globecom reference for *a central processor programmed*

17   *and connected to process a variety of inquiries and orders transmitted from remote*

18   *sites.* I did not locate this functionality in the Globecom reference; this is contrary to

19   what was asserted in the Request for Reexamination.

20   37.   I searched the Globecom reference for *a central processor including*

21   *means for receiving information about transactions from remote sites.*   I did not

22   locate this functionality in the reference; this is contrary to what was asserted in the

23   Request for Reexamination.

24   38.   I searched the Globecom reference for *a central processor including*

25   *means for retrievably storing information.*   I did not locate this functionality in the

26   reference; this is contrary to what was asserted in the Request for Reexamination.

27   / / /

28   / / /

6

39.   I searched the Globecom reference for *a central processor including at least one terminal at a remote site which includes a data processor and operational sequencing lists of program instructions.*   I located this functionality in the reference.

40.   I searched the Globecom reference for *a central processor including means for remotely linking at least one terminal to the central processor and for transmitting data back and forth between the processor and the terminal.*   I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

41.   I have searched the Globecom reference for *at least one terminal further comprising means for dispensing information and services for at least one of the entities.*   I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

42.   I searched the Globecom reference for *at least one terminal including a video screen.*   I located this configuration in the reference.

43.   I searched the Globecom reference for *at least one terminal with means for holding operational data including programming, informing and inquiring sequences of data.*   I located some indication of this configuration in the reference.

44.   I have searched the Globecom reference for *at least one terminal with means for manually entering information.*   I located this functionality in the reference.

45.   I searched the Globecom reference for *at least one terminal with means for storing information, inquiries and orders for said transaction entered by one of said entities via said means for manually entering information, and data received through and from the central processor.*   I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

46.   I searched the Globecom reference for *at least one terminal with on-line means for transmitting said information, inquiries and orders to the central processor.*   I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

7

DECLARATION OF DAVID G. KAY

47.    I searched the Globecom reference for *at least one terminal having on-line means for receiving data comprising operator-selected information and orders from the central processor via the linking means*.   I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

48.    I searched the Globecom reference for *at least one terminal having means for outputting said informing and inquiring sequences on the video screen in accordance with preset routines and in response to data entered through the means for entering information*.   I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

49.    I have searched the Globecom reference for *at least one terminal having means for controlling the means for storing, means for outputting, and means for transmitting, including means for fetching additional inquiring sequences in response to a plurality of the data entered through the means for entering and in response to information received from the central processor*.   I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

50.    I searched the Globecom reference for *at least one terminal with the informing sequences including directions for operating the terminal, and for presenting interrelated segments of the operational data describing a plurality of transaction operations*.   I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

51.    I searched the Globecom reference for *programming sequences including means for interactively controlling the operation of the video screen, data receiving and transmitting means*.   I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

52.    I searched the Globecom reference for *programming sequences including means for selectively retrieving the data from the means for storing*.   I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

8

DECLARATION OF DAVID G. KAY

53.   I searched the Globecom reference for *means for storing comprising means for retaining the operational sequencing list and means responsive to the status of the various means for controlling their operation.*   I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

54.   I searched the Globecom reference for *a central processor further including the means responsive to data received from one of the terminals for immediately transmitting selected stored information to the terminal.*   I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

55.   I searched the Globecom reference for *a central processor further including the means responsive to an order received from a terminal for updating data in the means for storing.*   I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

56.   I have searched the Globecom reference for *an automatic data processing system for processing business and financial transactions between entities from remote sites that can be used by said entities, each using one of the terminals to exchange information, and to respond to inquiries and orders instantaneously and over a period of time.*   I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

57.   I have not analyzed Claim 2 of the '319 Patent and the Globecom reference because the Request for Reexamination did not challenge the validity of dependent Claim 2.

58.   Analysis of Claim 3 of the '319 Patent and the Globecom reference.   I have searched the Globecom reference for *the system of Claim 1, wherein said inquiring and informing sequences of data comprise textual and graphical data.*   I located this functionality in the reference.

/ / /

9

DECLARATION OF DAVID G. KAY

59. Analysis of Claim 4 of the '319 Patent and the Globecom reference. I have searched the Globecom reference for *the system of Claim 3, wherein the means for outputting further comprise means for generating audible informing and inquiring messages.* I located this functionality in the reference.

60. Analysis of Claim 5 of the '319 Patent and the Globecom reference. I have searched the Globecom reference for *the system of Claim 4, wherein the means for outputting further comprise means for synchronizing said audible messages with the textual and graphical data.* I located some indication of this functionality in the reference.

61. Analysis of Claim 6 of the '319 Patent and the Globecom reference. I have searched the Globecom reference for *the system of claim 3, wherein the means for holding comprise an optical disc.* I located this functionality in the reference.

62. I have read U.S. Patent No. 4,359,631 (the "631 Patent"), which I understand was the primary prior art for the original allowance of the '319 Patent; in my opinion, it more closely described the functionalities of the '319 Patent than did the Globecom reference.

63. Analysis of Claim 1 of the '319 Patent and the Discount Store News reference. I have searched the Discount Store News reference *for an automatic data processing system for processing business and financial transactions between entities from remote sites.* I located this functionality in the reference.

64. I searched Discount Store News reference for *a central processor programmed and connected to process a variety of inquiries and orders transmitted from remote sites.* I did not locate this functionality in the Discount Store News reference; this is contrary to what was asserted in the Request for Reexamination.

65. I searched Discount Store News for *a central processor including means for receiving information about transactions from remote sites.* I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

10

66.    I searched Discount Store News for *a central processor including means for retrievably storing information.*   I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

67.    I searched Discount Store News for *a central processor including at least one terminal at a remote site which includes a data processor and operational sequencing lists of program instructions.*   I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

68.    I searched Discount Store News for *a central processor including means for remotely linking at least one terminal to the central processor and for transmitting data back and forth between the processor and the terminal.*   I located some indication of this functionality in the reference.

69.    I searched Discount Store News for *at least one terminal further comprising means for dispensing information and services for at least one of the entities.*   I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

70.    I searched Discount Store News for *at least one terminal including a video screen.*   I located this configuration in the reference.

71.    I then searched Discount Store News for *at least one terminal with means for holding operational data including programming, informing and inquiring sequences of data.*   I did not locate this configuration in the reference; this is contrary to what was asserted in the Request for Reexamination.

72.    I searched for *at least one terminal with means for manually entering information.*   I located this functionality in the reference.

73.    I searched Discount Store News for *at least one terminal with means for storing information, inquiries and orders for said transaction entered by one of said entities via said means for manually entering information, and data received through and from the central processor.*   I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

11

DECLARATION OF DAVID G. KAY

74.     I searched Discount Store News for *at least one terminal with on-line means for transmitting said information, inquiries and orders to the central processor.* I located some indication of this functionality in the reference.

75.     I then searched Discount Store News for *at least one terminal having on-line means for receiving data comprising operator-selected information and orders from the central processor via the linking means.* I located some indication of this functionality in the reference.

76.     I searched Discount Store News for *at least one terminal having means for outputting said informing and inquiring sequences on the video screen in accordance with preset routines and in response to data entered through the means for entering information.* I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

77.     I have read the Discount Store News reference and then searched it for *at least one terminal having means for controlling the means for storing, means for outputting, and means for transmitting, including means for fetching additional inquiring sequences in response to a plurality of the data entered through the means for entering and in response to information received from the central processor.* I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

78.     I searched Discount Store News for *at least one terminal with the informing sequences including directions for operating the terminal, and for presenting interrelated segments of the operational data describing a plurality of transaction operations.* I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

79.     I searched Discount Store News reference for *programming sequences including means for interactively controlling the operation of the video screen, data receiving and transmitting means.* I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

12

80.     I searched the Discount Store News reference for *programming sequences including means for selectively retrieving the data from the means for storing*. I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

81.     I searched the Discount Store News reference for *means for storing comprising means for retaining the operational sequencing list and means responsive to the status of the various means for controlling their operation*. I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

82.     I searched the Discount Store News reference for *a central processor further including the means responsive to data received from one of the terminals for immediately transmitting selected stored information to the terminal*. I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

83.     I searched the Discount Store News reference for *a central processor further including the means responsive to an order received from a terminal for updating data in the means for storing*. I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

84.     I have searched the Discount Store News reference for *an automatic data processing system for processing business and financial transactions between entities from remote sites that can be used by said entities, each using one of the terminals to exchange information, and to respond to inquiries and orders instantaneously and over a period of time*. I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

85.     I have not analyzed Claim 2 of the '319 Patent and the Discount Store News reference because the Request for Reexamination did not challenge the validity of dependent Claim 2.

/ / /

13

DECLARATION OF DAVID G. KAY

86.     Analysis of Claim 3 of the '319 Patent and the Discount Store News reference.  I have searched the Discount Store News reference for *the system of Claim 1, wherein said inquiring and informing sequences of data comprise textual and graphical data.*  I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

87.     Analysis of Claim 4 of the '319 Patent and the Discount Store News reference.  I have searched the Discount Store News reference for *the system of Claim 3, wherein the means for outputting further comprise means for generating audible informing and inquiring messages.* I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

88.     Analysis of Claim 5 of the '319 Patent and the Discount Store News reference.  I have searched the Discount Store News reference for *the system of Claim 4, wherein the means for outputting further comprise means for synchronizing said audible messages with the textual and graphical data.*  I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

89.     Analysis of Claim 6 of the '319 Patent and the Discount Store News reference.     I have searched the Discount Store News reference for *the system of claim 3, wherein the means for holding comprise an optical disc.*  I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

90.     I have read U.S. Patent No. 4,359,631 (the "631 Patent"), which I understand was the primary prior art for the original allowance of the '319 Patent; in my opinion, it more closely described the functionalities of the '319 Patent than did the Discount Store News reference.

91.     I am aware of five other submitted prior art references directed to the Claims 3-6 of the '319 Patent:  Prestel, IVIS, POP Videodisc, Browning and Improving Retail Productivity.   I have not included analysis of these references in this

14

DECLARATION OF DAVID G. KAY

1   preliminary report because they are directed to claims dependent to Claim 1.  Further, I

2   am aware of the Electronic Mall reference submitted in the Request for Reexamination

3   and have not analyzed that reference herein.

4       92.    The '951 Patent Reexamination Request.  I have reviewed U.S. Patent No.

5   5,576,951 (the '951 patent) and the five references supplied with the request for

6   reexamination of that patent; those references are designated "Comp-U-Store,"

7   "Globecom," "Discount Store News," "Forbes," and "Kleinberg."  Taking each

8   limitation of each claim of the '951 Patent in sequence, I searched in each reference to

9   check whether that reference delineated features or functionality described by that

10  limitation.  It is my opinion that those references, taken together or separately, fail to

11  delineate a significant portion of the distinguishing patented features of the invention

12  which are described by the claims of the '951 Patent.

13      93.    Analysis of Claim 1 of the '951 Patent and the Comp-U-Store reference.

14  I have searched the Comp-U-Store reference for *a computer search system for*

15  *retrieving information which comprises the means for storing interrelated textual*

16  *information and graphical information.*  I located this functionality in the reference.

17      94.    I have searched the Comp-U-Store reference for *a computer search*

18  *system with the means for interrelating the textual information and graphical*

19  *information.*  I did not locate this functionality in the reference; this is contrary to

20  what was asserted in the Request for Reexamination.

21      95.    I have read the Comp-U-Store reference and then searched it for *a*

22  *computer search system with a plurality of entry path means for searching the stored*

23  *interrelated textual information and graphical information, the entry path means*

24  *comprising textual search entry path means for searching the textual information and*

25  *for retrieving interrelated graphical information to the searched textual information.*

26  I did not locate this functionality in the reference; this is contrary to what was asserted

27  in the Request for Reexamination.

28  / / /

DECLARATION OF DAVID G. KAY

96.    I have read the Comp-U-Store reference and then searched it for *a computer search system with graphical entry path means for searching the graphical information and for retrieving interrelated textual information to the searched graphical information.*   I located some indication of this functionality in the reference.

97.    I have read the Comp-U-Store reference and then searched it for *a computer search system with selecting means for providing a menu of a plurality of entry path means for selection.*   I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

98.    I have read the Comp-U-Store reference and then searched it for *a computer search system with automatic data processing means for executing inquiries provided by a user in order to search the textual information and graphical information through the selected entry path means and for fetching data as a function of other data.*   I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

99.    I have read the Comp-U-Store reference and then searched it for *a computer search system with indicating means for indicating a pathway that accesses information related in one of the entry path means to information accessible in another one of the entry path means.*   I located some indication of this functionality in the reference.

100.   I have read the Comp-U-Store reference and then searched it for *a computer search system with accessing means for providing access to the related information in another entry path means.*   I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

101.   I have read the Comp-U-Store reference and then searched it for *a computer search system with output means for receiving search results from the processing means and the related information from the accessing means and for providing the search results and received information to such user.*   I did not locate

16

1  this functionality in the reference; this is contrary to what was asserted in the Request

2  for Reexamination.

3      102.   Analysis of Claim 2 of the '951 Patent and the Comp-U-Store reference. I

4  have searched the Comp-U-Store reference for *the search system according to Claim*

5  *1, wherein the textual information comprise[s] words, phrases, numbers, and letters*

6  *stored in at least one database.*   I located this functionality in the reference.

7      103.   Analysis of Claim 3 of the '951 Patent and the Comp-U-Store reference.

8  I have searched the Comp-U-Store reference for *the search system according to Claim*

9  *1, wherein the graphical information include[s] maps, charts, pictures and moving*

10  *images.*  I did not locate this functionality in the reference; this is contrary to what was

11  asserted in the Request for Reexamination.

12      104.   Analysis of Claim 4 of the '951 Patent and the Comp-U-Store reference.

13  I have searched the Comp-U-Store reference for *the search system according to Claim*

14  *1, wherein one of the graphical and textual information comprises audio information.*

15   I did not locate this functionality in the reference; this is contrary to what was asserted

16  in the Request for Reexamination.

17      105.   I have not analyzed Claim 5 of the '951 Patent and the Comp-U-Store

18  reference because the Request for Reexamination did not challenge the validity of

19  dependent Claim 5.

20      106.   Analysis of Claim 6 of the '951 Patent and the Comp-U-Store reference.

21      I have searched the Comp-U-Store reference for *the search system according to*

22  *Claim 1, further comprising a micro-computer for executing operations of the search*

23  *system, and for storing the graphical information and textual information.*  I did not

24  locate this functionality in the reference; this is contrary to what was asserted in the

25  Request for Reexamination.

26      107.   Analysis of Claim 7 of the '951 Patent and the Comp-U-Store reference.

27  I have searched the Comp-U-Store reference for *the search system according to Claim*

28  *1, wherein the textual search entry path means and the graphical entry path means*

17

1  include informing means for assisting a user in searching the graphical information

2  and textual information. I did not locate this functionality in the reference; this is

3  contrary to what was asserted in the Request for Reexamination.

4       108.  Analysis of Claim 8 of the '951 Patent and the Comp-U-Store reference.

5  I have searched the Comp-U-Store reference for *the search system according to Claim*

6  *1, wherein the textual search entry path means comprises a topic tree entry path*

7  *means for dividing the textual information into topics and sub-topics in order to assist*

8  *in browsing through the textual information.* I did not locate this functionality in the

9  reference; this is contrary to what was asserted in the Request for Reexamination.

10       109.  Analysis of Claim 9 of the '951 Patent and the Comp-U-Store reference.

11  I have searched the Comp-U-Store reference for *the search system according to Claim*

12  *1, which further comprises title finder entry path means for assisting a user in*

13  *uncovering titles stored in the stored textual information.* I did not locate this

14  functionality in the reference; this is contrary to what was asserted in the Request for

15  Reexamination.

16       110.  Analysis of Claim 10 of the '951 Patent and the Comp-U-Store reference.

17  I have searched the Comp-U-Store reference for *a computerized system for selecting*

18  *and ordering a variety of information, goods, and services.* I located this

19  functionality in the reference.

20       111.  I have read the Comp-U-Store reference and then searched it for *a*

21  *computerized system with a plurality of computerized data processing installations*

22  *programmed for processing orders for information, goods, and services.* I did not

23  locate this functionality in the reference; this is contrary to what was asserted in the

24  Request for Reexamination.

25       112.  I have read the Comp-U-Store reference and then searched it for *a*

26  *computerized system with at least one computerized station, the station including a*

27  *micro-processor.* I located this configuration in the reference.

28  / / /

18

DECLARATION OF DAVID G. KAY

113.   I have read the Comp-U-Store reference and then searched it for *a computerized station with a device for displaying graphical information and textual information.*   I located this functionality in the reference.

114.   I have read the Comp-U-Store reference and then searched it for *a computerized station with at least one mass memory device controlled by the micro-processor.*   I located this functionality in the reference.

115.   I have read the Comp-U-Store reference and then searched it for *a computerized station with means for addressing at least one of the computerized data processing installations, and for sending thereto and receiving therefrom, coded messages and batches of data.*   I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

116.   I have read the Comp-U-Store reference and then searched it for *a computerized station with program means for controlling the display on the display device of inquiries and acceptable answers.*   I located this functionality in the reference.

117.   I have read the Comp-U-Store reference and then searched it for *a computerized station with user operated means for selecting at least one of the acceptable answers.*   I located this functionality in the reference.

118.   I have read the Comp-U-Store reference and then searched it for *a computerized station with means for accumulating a set of the acceptable answers.*   I located some indication of this functionality in the reference.

119.   I have read the Comp-U-Store reference and then searched it for *a computerized station with automatic data processing means for processing the set of answers as a function of other data.*   I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

120.   I have read the Comp-U-Store reference and then searched it for *a computerized station with means for storing in the mass memory device, interrelated / / /*

19

DECLARATION OF DAVID G. KAY

1   *textual information and graphical information.*   I located some indication of this

2   functionality in the reference.

3       121.   I have read the Comp-U-Store reference and then searched it for *a*

4   *computerized station with means for interrelating the textual information and*

5   *graphical information.*   I located this functionality in the reference.

6       122.   I have read the Comp-U-Store reference and then searched it for *a*

7   *computerized station with a plurality of entry path means for searching the stored*

8   *interrelated textual information and graphical information.*   I did not locate this

9   functionality in the reference; this is contrary to what was asserted in the Request for

10   Reexamination.

11       123.   I have read the Comp-U-Store reference and then searched it for *a*

12   *computerized station with means, responsive to the means for processing, for*

13   *executing inquiries provided by the user and for searching the textual information and*

14   *graphical information through the selected entry path means.*   I did not locate this

15   functionality in the reference; this is contrary to what was asserted in the Request for

16   Reexamination.

17       124.   I have read the Comp-U-Store reference and then searched it for *a*

18   *computerized station with the means for executing and searching, including means for*

19   *addressing at least one of the installations and for retrieving data related to the*

20   *answer.*   I did not locate this functionality in the reference; this is contrary to what

21   was asserted in the Request for Reexamination.

22       125.   I have read the Comp-U-Store reference and then searched it for *a*

23   *computerized station with means responsive to the means for processing, for*

24   *transferring orders for the information, goods, and services to the installation.*   I did

25   not locate this functionality in the reference; this is contrary to what was asserted in

26   the Request for Reexamination.

27       126.   I have read U.S. Patent No. 4,359,631 (the "631 Patent"), now reissued

28   and reexamined as B1 Re. 32,115, which I understand was the primary prior art for the

20

1   original allowance of the '951 Patent; in my opinion, it more closely described the

2   functionalities of the '951 Patent than did the Comp-U-Store reference.

3       127.   Analysis of Claim 1 of the '951 Patent and the Globecom reference. I

4   have searched the Globecom reference for *a computer search system for retrieving*

5   *information which comprises the means for storing interrelated textual information*

6   *and graphical information.*   I located this functionality in the reference.

7       128.   I have searched the Globecom reference for *a computer search system*

8   *with the means for interrelating the textual information and graphical information.*   I

9   located this functionality in the reference.

10      129.   I have read the Globecom reference and then searched it for *a computer*

11  *search system with a plurality of entry path means for searching the stored*

12  *interrelated textual information and graphical information, the entry path means*

13  *comprising textual search entry path means for searching the textual information and*

14  *for retrieving interrelated graphical information to the searched textual information.*

15  I located some indication of this functionality in the reference.

16      130.   I have read the Globecom reference and then searched it for *a computer*

17  *search system with graphical entry path means for searching the graphical*

18  *information and for retrieving interrelated textual information to the searched*

19  *graphical information.*   I did not locate this functionality in the reference; this is

20  contrary to what was asserted in the Request for Reexamination.

21      131.   I have read the Globecom reference and then searched it for *a computer*

22  *search system with selecting means for providing a menu of a plurality of entry path*

23  *means for selection.*   I did not locate this functionality in the reference; this is

24  contrary to what was asserted in the Request for Reexamination.

25      132.   I have read the Globecom reference and then searched it for *a computer*

26  *search system with automatic data processing means for executing inquiries provided*

27  *by a user in order to search the textual information and graphical information*

28  *through the selected entry path means and for fetching data as a function of other*

21

DECLARATION OF DAVID G. KAY

1   *data.* I did not locate this functionality in the reference; this is contrary to what was

2   asserted in the Request for Reexamination.

3   133. I have read the Globecom reference and then searched it for *a computer*

4   *search system with indicating means for indicating a pathway that accesses*

5   *information related in one of the entry path means to information accessible in*

6   *another one of the entry path means.* I did not locate this functionality in the

7   reference; this is contrary to what was asserted in the Request for Reexamination.

8   134. I have read the Globecom reference and then searched it for *a computer*

9   *search system with accessing means for providing access to the related information in*

10   *another entry path means.* I did not locate this functionality in the reference; this is

11   contrary to what was asserted in the Request for Reexamination.

12   135. I have read the Globecom reference and then searched it for *a computer*

13   *search system with output means for receiving search results from the processing*

14   *means and the related information from the accessing means and for providing the*

15   *search results and received information to such user.* I did not locate this

16   functionality in the reference; this is contrary to what was asserted in the Request for

17   Reexamination.

18   136. Analysis of Claim 2 of the '951 Patent and the Globecom reference. I

19   have searched the Globecom reference for *the search system according to Claim 1,*

20   *wherein the textual information comprise[s] words, phrases, numbers, and letters*

21   *stored in at least one database.* I located some indication of this functionality in the

22   reference.

23   137. Analysis of Claim 3 of the '951 Patent and the Globecom reference. I

24   have searched the Globecom reference for *the search system according to Claim 1,*

25   *wherein the graphical information include[s] maps, charts, pictures and moving*

26   *images.* I located some indication of this functionality in the reference.

27   138. Analysis of Claim 4 of the '951 Patent and the Globecom reference. I

28   have searched the Globecom reference for *the search system according to Claim 1,*

22

DECLARATION OF DAVID G. KAY

1  *wherein one of the graphical and textual information comprises audio information.* I

2  located this functionality in the reference.

3      139.  I have not analyzed Claim 5 of the '951 Patent and the Globecom

4  reference because the Request for Reexamination did not challenge the validity of

5  dependent Claim 5.

6      140.  Analysis of Claim 6 of the '951 Patent and the Globecom reference.  I

7  have searched the Globecom reference for *the search system according to Claim 1,*

8  *further comprising a micro-computer for executing operations of the search system,*

9  *and for storing the graphical information and textual information.* I did not locate

10  this functionality in the reference; this is contrary to what was asserted in the Request

11  for Reexamination.

12      141.  Analysis of Claim 7 of the '951 Patent and the Globecom reference.  I

13  have searched the Globecom reference for *the search system according to Claim 1,*

14  *wherein the textual search entry path means and the graphical entry path means*

15  *include informing means for assisting a user in searching the graphical information*

16  *and textual information.* I did not locate this functionality in the reference; this is

17  contrary to what was asserted in the Request for Reexamination.

18      142.  Analysis of Claim 8 of the '951 Patent and the Globecom reference.  I

19  have searched the Globecom reference for *the search system according to Claim 1,*

20  *wherein the textual search entry path means comprises a topic tree entry path means*

21  *for dividing the textual information into topics and sub-topics in order to assist in*

22  *browsing through the textual information.* I located some indication of this

23  functionality in the reference.

24      143.  Analysis of Claim 9 of the '951 Patent and the Globecom reference.  I

25  have searched the Globecom reference for *the search system according to Claim 1,*

26  *which further comprises title finder entry path means for assisting a user in*

27  *uncovering titles stored in the stored textual information.* I did not locate this

28  / / /

DECLARATION OF DAVID G. KAY

1  functionality in the reference; this is contrary to what was asserted in the Request for

2  Reexamination.

3     144.   Analysis of Claim 10 of the '951 Patent and the Globecom reference. I

4  have searched the Globecom reference for *a computerized system for selecting and*

5  *ordering a variety of information, goods, and services.* I did not locate this

6  functionality in the reference; this is contrary to what was asserted in the Request for

7  Reexamination.

8     145.   I have read the Globecom reference and then searched it for *a*

9  *computerized system with a plurality of computerized data processing installations*

10 *programmed for processing orders for information, goods, and services.* I did not

11 locate this functionality in the reference; this is contrary to what was asserted in the

12 Request for Reexamination.

13    146.   I have read the Globecom reference and then searched it for *a*

14 *computerized system with at least one computerized station, the station including a*

15 *micro-processor.* I located some indication of this configuration in the reference.

16    147.   I have read the Globecom reference and then searched it for *a*

17 *computerized station with a device for displaying graphical information and textual*

18 *information.* I located this functionality in the reference.

19    148.   I have read the Globecom reference and then searched it for *a*

20 *computerized station with at least one mass memory device controlled by the micro-*

21 *processor.* I located this functionality in the reference.

22    149.   I have read the Globecom reference and then searched it for *a*

23 *computerized station with means for addressing at least one of the computerized data*

24 *processing installations, and for sending thereto and receiving therefrom, coded*

25 *messages and batches of data.* I did not locate this functionality in the reference; this

26 is contrary to what was asserted in the Request for Reexamination.

27 / / /

28 / / /

24

DECLARATION OF DAVID G. KAY

150. I have read the Globecom reference and then searched it for *a computerized station with program means for controlling the display on the display device of inquiries and acceptable answers.* I located this functionality in the reference.

151. I have read the Globecom reference and then searched it for *a computerized station with user operated means for selecting at least one of the acceptable answers.* I located this functionality in the reference.

152. I have read the Globecom reference and then searched it for *a computerized station with means for accumulating a set of the acceptable answers.* I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

153. I have read the Globecom reference and then searched it for *a computerized station with automatic data processing means for processing the set of answers as a function of other data.* I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

154. I have read the Globecom reference and then searched it for *a computerized station with means for storing in the mass memory device, interrelated textual information and graphical information.* I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

155. I have read the Globecom reference and then searched it for *a computerized station with means for interrelating the textual information and graphical information.* I located this functionality in the reference.

156. I have read the Globecom reference and then searched it for *a computerized station with a plurality of entry path means for searching the stored interrelated textual information and graphical information.* I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

///

25

DECLARATION OF DAVID G. KAY

157.  I have read the Globecom reference and then searched it for *a computerized station with means, responsive to the means for processing, for executing inquiries provided by the user and for searching the textual information and graphical information through the selected entry path means*.  I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

158.  I have read the Globecom reference and then searched it for *a computerized station with the means for executing and searching, including means for addressing at least one of the installations and for retrieving data related to the answer*.  I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

159.  I have read the Globecom reference and then searched it for *a computerized station with means responsive to the means for processing, for transferring orders for the information, goods, and services to the installation*.  I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

160.  I have read U.S. Patent No. 4,359,631 (the "631 Patent"), now reissued and reexamined as B1 Re. 32,115, which I understand was the primary prior art for the original allowance of the '951 Patent; in my opinion, it more closely described the functionalities of the '951 Patent than did the Globecom reference.

161.  <u>Analysis of Claim 1 of the '951 Patent and the Discount Store News reference</u>.  I have searched the Discount Store News reference for *a computer search system for retrieving information which comprises the means for storing interrelated textual information and graphical information*.  I located some indication of this functionality in the reference.

162.  I have searched the Discount Store News reference for *a computer search system with the means for interrelating the textual information and graphical*

/ / /

26

DECLARATION OF DAVID G. KAY

1    *information.*   I did not locate this functionality in the reference; this is contrary to

2    what was asserted in the Request for Reexamination.

3        163.   I have read the Discount Store News reference and then searched it for *a*

4    *computer search system with a plurality of entry path means for searching the stored*

5    *interrelated textual information and graphical information, the entry path means*

6    *comprising textual search entry path means for searching the textual information and*

7    *for retrieving interrelated graphical information to the searched textual information.*

8    I did not locate this functionality in the reference; this is contrary to what was asserted

9    in the Request for Reexamination.

10       164.   I have read the Discount Store News reference and then searched it for *a*

11   *computer search system with graphical entry path means for searching the graphical*

12   *information and for retrieving interrelated textual information to the searched*

13   *graphical information.*   I did not locate this functionality in the reference; this is

14   contrary to what was asserted in the Request for Reexamination.

15       165.   I have read the Discount Store News reference and then searched it *for a*

16   *computer search system with selecting means for providing a menu of a plurality of*

17   *entry path means for selection.*   I located some indication of this functionality in the

18   reference.

19       166.   I have read the Discount Store News reference and then searched it for *a*

20   *computer search system with automatic data processing means for executing inquiries*

21   *provided by a user in order to search the textual information and graphical*

22   *information through the selected entry path means and for fetching data as a function*

23   *of other data.*   I did not locate this functionality in the reference; this is contrary to

24   what was asserted in the Request for Reexamination.

25       167.   I have read the Discount Store News reference and then searched it for *a*

26   *computer search system with indicating means for indicating a pathway that accesses*

27   *information related in one of the entry path means to information accessible in*

28   / / /

27

DECLARATION OF DAVID G. KAY

1  *another one of the entry path means.* I did not locate this functionality in the
2  reference; this is contrary to what was asserted in the Request for Reexamination.

3  168.  I have read the Discount Store News reference and then searched it for *a*
4  *computer search system with accessing means for providing access to the related*
5  *information in another entry path means.* I did not locate this functionality in the
6  reference; this is contrary to what was asserted in the Request for Reexamination.

7  169.  I have read the Discount Store News reference and then searched it for *a*
8  *computer search system with output means for receiving search results from the*
9  *processing means and the related information from the accessing means and for*
10 *providing the search results and received information to such user.* I did not locate
11 this functionality in the reference; this is contrary to what was asserted in the Request
12 for Reexamination.

13 170.  Analysis of Claim 2 of the '951 Patent and the Discount Store News
14 reference. I have searched the Discount Store News reference for *the search system*
15 *according to Claim 1, wherein the textual information comprise[s] words, phrases,*
16 *numbers, and letters stored in at least one database.* I located this functionality in the
17 reference.

18 171.  Analysis of Claim 3 of the '951 Patent and the Discount Store News
19 reference. I have searched the Discount Store News reference for *the search system*
20 *according to Claim 1, wherein the graphical information include[s] maps, charts,*
21 *pictures and moving images.* I located some indication of this functionality in the
22 reference.

23 172.  Analysis of Claim 4 of the '951 Patent and the Discount Store News
24 reference. I have searched the Discount Store News reference for *the search system*
25 *according to Claim 1, wherein one of the graphical and textual information comprises*
26 *audio information.* I did not locate this functionality in the reference; this is contrary
27 to what was asserted in the Request for Reexamination.

28 / / /

173. I have not analyzed Claim 5 of the '951 Patent and the Discount Store News reference because the Request for Reexamination did not challenge the validity of dependent Claim 5.

174. _Analysis of Claim 6 of the '951 Patent and the Discount Store News reference._ I have searched the Discount Store News reference for _the search system according to Claim 1, further comprising a micro-computer for executing operations of the search system, and for storing the graphical information and textual information._ I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

175. _Analysis of Claim 7 of the '951 Patent and the Discount Store News reference._ I have searched the Discount Store News reference for _the search system according to Claim 1, wherein the textual search entry path means and the graphical entry path means include informing means for assisting a user in searching the graphical information and textual information._ I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

176. _Analysis of Claim 8 of the '951 Patent and the Discount Store News reference._ I have searched the Discount Store News reference for _the search system according to Claim 1, wherein the textual search entry path means comprises a topic tree entry path means for dividing the textual information into topics and sub-topics in order to assist in browsing through the textual information._ I located this functionality in the reference.

177. _Analysis of Claim 9 of the '951 Patent and the Discount Store News reference._ I have searched the Discount Store News reference for _the search system according to Claim 1, which further comprises title finder entry path means for assisting a user in uncovering titles stored in the stored textual information._ I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

/ / /

29

178.   Analysis of Claim 10 of the '951 Patent and the Discount Store News reference.   I have searched the Discount Store News reference for *a computerized system for selecting and ordering a variety of information, goods, and services*.   I located this functionality in the reference.

179.   I have read the Discount Store News reference and then searched it for *a computerized system with a plurality of computerized data processing installations programmed for processing orders for information, goods, and services*.   I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

180.   I have read the Discount Store News reference and then searched it for *a computerized system with at least one computerized station, the station including a micro-processor*.   I did not locate this configuration in the reference; this is contrary to what was asserted in the Request for Reexamination.

181.   I have read the Discount Store News reference and then searched it for *a computerized station with a device for displaying graphical information and textual information*.   I located this functionality in the reference.

182.   I have read the Discount Store News reference and then searched it for *a computerized station with at least one mass memory device controlled by the micro-processor*.   I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

183.   I have read the Discount Store News reference and then searched it for *a computerized station with means for addressing at least one of the computerized data processing installations, and for sending thereto and receiving therefrom, coded messages and batches of data*.   I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

184.   I have read the Discount Store News reference and then searched it for *a computerized station with program means for controlling the display on the display*

/ / /

30

DECLARATION OF DAVID G. KAY

1  *device of inquiries and acceptable answers.*  I located some indication of this
2  functionality in the reference.

3  185.  I have read the Discount Store News reference and then searched it for *a*
4  *computerized station with user operated means for selecting at least one of the*
5  *acceptable answers.*  I did not locate this functionality in the reference; this is
6  contrary to what was asserted in the Request for Reexamination.

7  186.  I have read the Discount Store News reference and then searched it for *a*
8  *computerized station with means for accumulating a set of the acceptable answers.*  I
9  did not locate this functionality in the reference; this is contrary to what was asserted
10  in the Request for Reexamination.

11  187.  I have read the Discount Store News reference and then searched it for *a*
12  *computerized station with automatic data processing means for processing the set of*
13  *answers as a function of other data.*  I did not locate this functionality in the
14  reference; this is contrary to what was asserted in the Request for Reexamination.

15  188.  I have read the Discount Store News reference and then searched it *for a*
16  *computerized station with means for storing in the mass memory device, interrelated*
17  *textual information and graphical information.*  I did not locate this functionality in
18  the reference; this is contrary to what was asserted in the Request for Reexamination.

19  189.  I have read the Discount Store News reference and then searched it for *a*
20  *computerized station with means for interrelating the textual information and*
21  *graphical information.*  I located this functionality in the reference.

22  190.  I have read the Discount Store News reference and then searched it for *a*
23  *computerized station with a plurality of entry path means for searching the stored*
24  *interrelated textual information and graphical information.*  I did not locate this
25  functionality in the reference; this is contrary to what was asserted in the Request for
26  Reexamination.

27  191.  I have read the Discount Store News reference and then searched it for *a*
28  *computerized station with means, responsive to the means for processing, for*

DECLARATION OF DAVID G. KAY

*executing inquiries provided by the user and for searching the textual information and graphical information through the selected entry path means.* I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

192. I have read the Discount Store News reference and then searched it for *a computerized station with the means for executing and searching, including means for addressing at least one of the installations and for retrieving data related to the answer.* I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

193. I have read the Discount Store News reference and then searched it for *a computerized station with means responsive to the means for processing, for transferring orders for the information, goods, and services to the installation.* I located some indication of this functionality in the reference.

194. I have read U.S. Patent No. 4,359,631 (the "631 Patent"), now reissued and reexamined as B1 Re. 32,115, which I understand was the primary prior art for the original allowance of the '951 Patent; in my opinion, it more closely described the functionalities of the '951 Patent than did the Discount Store News reference.

195. Analysis of Claim 1 of the '951 Patent and the Forbes reference. I have searched the Forbes reference for *a computer search system for retrieving information which comprises the means for storing interrelated textual information and graphical information.* I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

196. I have searched the Forbes reference for *a computer search system with the means for interrelating the textual information and graphical information.* I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

197. I have read the Forbes reference and then searched it for *a computer search system with a plurality of entry path means for searching the stored*

32

DECLARATION OF DAVID G. KAY

*interrelated textual information and graphical information, the entry path means*
*comprising textual search entry path means for searching the textual information and*
*for retrieving interrelated graphical information to the searched textual information.*
I did not locate this functionality in the reference; this is contrary to what was asserted
in the Request for Reexamination.

198.   I have read the Forbes reference and then searched it for *a computer*
*search system with graphical entry path means for searching the graphical*
*information and for retrieving interrelated textual information to the searched*
*graphical information.*   I did not locate this functionality in the reference; this is
contrary to what was asserted in the Request for Reexamination.

199.   I have read the Forbes reference and then searched it for *a computer*
*search system with selecting means for providing a menu of a plurality of entry path*
*means for selection.*   I did not locate this functionality in the reference; this is
contrary to what was asserted in the Request for Reexamination.

200.   I have read the Forbes reference and then searched it for *a computer*
*search system with automatic data processing means for executing inquiries provided*
*by a user in order to search the textual information and graphical information*
*through the selected entry path means and for fetching data as a function of other*
*data.*   I did not locate this functionality in the reference; this is contrary to what was
asserted in the Request for Reexamination.

201.   I have read the Forbes reference and then searched it for *a computer*
*search system with indicating means for indicating a pathway that accesses*
*information related in one of the entry path means to information accessible in*
*another one of the entry path means.*   I did not locate this functionality in the
reference; this is contrary to what was asserted in the Request for Reexamination.

202.   I have read the Forbes reference and then searched it for *a computer*
*search system with accessing means for providing access to the related information in*
/ / /

33

DECLARATION OF DAVID G. KAY

1    *another entry path means.*  I did not locate this functionality in the reference; this is

2    contrary to what was asserted in the Request for Reexamination.

3        203.  I have read the Forbes reference and then searched it for *a computer*

4    *search system with output means for receiving search results from the processing*

5    *means and the related information from the accessing means and for providing the*

6    *search results and received information to such user.*  I did not locate this

7    functionality in the reference; this is contrary to what was asserted in the Request for

8    Reexamination.

9        204.  Analysis of Claim 2 of the '951 Patent and the Forbes reference.  I have

10   searched the Forbes reference for *the search system according to Claim 1, wherein the*

11   *textual information comprise[s] words, phrases, numbers, and letters stored in at*

12   *least one database.*  I located this functionality in the reference.

13       205.  Analysis of Claim 3 of the '951 Patent and the Forbes reference.  I have

14   searched the Forbes reference for *the search system according to Claim 1, wherein the*

15   *graphical information include[s] maps, charts, pictures and moving images.*  I did not

16   locate this functionality in the reference; this is contrary to what was asserted in the

17   Request for Reexamination.

18       206.  Analysis of Claim 4 of the '951 Patent and the Forbes reference.  I have

19   searched the Forbes reference for *the search system according to Claim 1, wherein*

20   *one of the graphical and textual information comprises audio information.*  I located

21   some indication of this functionality in the reference.

22       207.  I have not analyzed Claim 5 of the '951 Patent and the Forbes reference

23   because the Request for Reexamination did not challenge the validity of dependent

24   Claim 5.

25       208.  Analysis of Claim 6 of the '951 Patent and the Forbes reference.  I have

26   searched the Forbes reference for *the search system according to Claim 1, further*

27   *comprising a micro-computer for executing operations of the search system, and for*

28   / / /

DECLARATION OF DAVID G. KAY

1    *storing the graphical information and textual information.* I located some indication

2    of this functionality in the reference.

3        209.   Analysis of Claim 7 of the '951 Patent and the Forbes reference. I have

4    searched the Forbes reference for *the search system according to Claim 1, wherein the*

5    *textual search entry path means and the graphical entry path means include informing*

6    *means for assisting a user in searching the graphical information and textual*

7    *information.* I did not locate this functionality in the reference; this is contrary to what

8    was asserted in the Request for Reexamination.

9        210.   Analysis of Claim 8 of the '951 Patent and the Forbes reference. I have

10   searched the Forbes reference for *the search system according to Claim 1, wherein the*

11   *textual search entry path means comprises a topic tree entry path means for dividing*

12   *the textual information into topics and sub-topics in order to assist in browsing*

13   *through the textual information.* I did not locate this functionality in the reference;

14   this is contrary to what was asserted in the Request for Reexamination.

15       211.   Analysis of Claim 9 of the '951 Patent and the Forbes reference. I have

16   searched the Forbes reference for *the search system according to Claim 1, which*

17   *further comprises title finder entry path means for assisting a user in uncovering titles*

18   *stored in the stored textual information.* I did not locate this functionality in the

19   reference; this is contrary to what was asserted in the Request for Reexamination.

20       212.   Analysis of Claim 10 of the '951 Patent and the Forbes reference. I have

21   searched the Forbes reference for *a computerized system for selecting and ordering a*

22   *variety of information, goods, and services.* I located this functionality in the

23   reference.

24       213.   I have read the Forbes reference and then searched it for *a computerized*

25   *system with a plurality of computerized data processing installations programmed for*

26   *processing orders for information, goods, and services.* I did not locate this

27   functionality in the reference; this is contrary to what was asserted in the Request for

28   Reexamination.

214. I have read the Forbes reference and then searched it for *a computerized system with at least one computerized station, the station including a micro-processor.* I located some indication of this configuration in the reference.

215. I have read the Forbes reference and then searched it for *a computerized station with a device for displaying graphical information and textual information.* I located this functionality in the reference.

216. I have read the Forbes reference and then searched it for *a computerized station with at least one mass memory device controlled by the micro-processor.* I located this functionality in the reference.

217. I have read the Forbes reference and then searched it for *a computerized station with means for addressing at least one of the computerized data processing installations, and for sending thereto and receiving therefrom, coded messages and batches of data.* I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

218. I have read the Forbes reference and then searched it for *a computerized station with program means for controlling the display on the display device of inquiries and acceptable answers.* I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

219. I have read the Forbes reference and then searched it for *a computerized station with user operated means for selecting at least one of the acceptable answers.* I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

220. I have read the Forbes reference and then searched it for *a computerized station with means for accumulating a set of the acceptable answers.* I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

221. I have read the Forbes reference and then searched it for *a computerized station with automatic data processing means for processing the set of answers as a*

36

DECLARATION OF DAVID G. KAY

1    *function of other data.*  I did not locate this functionality in the reference; this is

2    contrary to what was asserted in the Request for Reexamination.

3        222.  I have read the Forbes reference and then searched it for *a computerized*

4    *station with means for storing in the mass memory device, interrelated textual*

5    *information and graphical information.*  I located some indication of this functionality

6    in the reference.

7        223.  I have read the Forbes reference and then searched it for *a computerized*

8    *station with means for interrelating the textual information and graphical*

9    *information.*  I located this functionality in the reference.

10       224.  I have read the Forbes reference and then searched it for *a computerized*

11   *station with a plurality of entry path means for searching the stored interrelated*

12   *textual information and graphical information.*  I did not locate this functionality in

13   the reference; this is contrary to what was asserted in the Request for Reexamination.

14       225.  I have read the Forbes reference and then searched it for *a computerized*

15   *station with means, responsive to the means for processing, for executing inquiries*

16   *provided by the user and for searching the textual information and graphical*

17   *information through the selected entry path means.*  I did not locate this functionality

18   in the reference; this is contrary to what was asserted in the Request for

19   Reexamination.

20       226.  I have read the Forbes reference and then searched it for *a computerized*

21   *station with the means for executing and searching, including means for addressing at*

22   *least one of the installations and for retrieving data related to the answer.*  I did not

23   locate this functionality in the reference; this is contrary to what was asserted in the

24   Request for Reexamination.

25       227.  I have read the Forbes reference and then searched it for *a computerized*

26   *station with means responsive to the means for processing, for transferring orders for*

27   *the information, goods, and services to the installation.*  I located this functionality in

28   the reference.

DECLARATION OF DAVID G. KAY

228. I have read U.S. Patent No. 4,359,631 (the "631 Patent"), now reissued and reexamined as B1 Re. 32,115, which I understand was the primary prior art for the original allowance of the '951 Patent; in my opinion, it more closely described the functionalities of the '951 Patent than did the Forbes reference.

229. Analysis of Claim 1 of the '951 Patent and the Kleinberg reference. I have searched the Kleinberg reference for *a computer search system for retrieving information which comprises the means for storing interrelated textual information and graphical information.* I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

230. I have searched the Kleinberg reference for *a computer search system with the means for interrelating the textual information and graphical information.* I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

231. I have read the Kleinberg reference and then searched it for *a computer search system with a plurality of entry path means for searching the stored interrelated textual information and graphical information, the entry path means comprising textual search entry path means for searching the textual information and for retrieving interrelated graphical information to the searched textual information.* I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

232. I have read the Kleinberg reference and then searched it for *a computer search system with graphical entry path means for searching the graphical information and for retrieving interrelated textual information to the searched graphical information.* I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

233. I have read the Kleinberg reference and then searched it for *a computer search system with selecting means for providing a menu of a plurality of entry path*

/ / /

38

DECLARATION OF DAVID G. KAY

1   *means for selection.* I did not locate this functionality in the reference; this is
2   contrary to what was asserted in the Request for Reexamination.

3   234. I have read the Kleinberg reference and then searched it for *a computer*
4   *search system with automatic data processing means for executing inquiries provided*
5   *by a user in order to search the textual information and graphical information*
6   *through the selected entry path means and for fetching data as a function of other*
7   *data.* I did not locate this functionality in the reference; this is contrary to what was
8   asserted in the Request for Reexamination.

9   235. I have read the Kleinberg reference and then searched it for *a computer*
10  *search system with indicating means for indicating a pathway that accesses*
11  *information related in one of the entry path means to information accessible in*
12  *another one of the entry path means.* I did not locate this functionality in the
13  reference; this is contrary to what was asserted in the Request for Reexamination.

14  236. I have read the Kleinberg reference and then searched it for *a computer*
15  *search system with accessing means for providing access to the related information in*
16  *another entry path means.* I did not locate this functionality in the reference; this is
17  contrary to what was asserted in the Request for Reexamination.

18  237. I have read the Kleinberg reference and then searched it for *a computer*
19  *search system with output means for receiving search results from the processing*
20  *means and the related information from the accessing means and for providing the*
21  *search results and received information to such user.* I did not locate this
22  functionality in the reference; this is contrary to what was asserted in the Request for
23  Reexamination.

24  238. Analysis of Claim 2 of the '951 Patent and the Kleinberg reference. I
25  have searched the Kleinberg reference for *the search system according to Claim 1,*
26  *wherein the textual information comprise[s] words, phrases, numbers, and letters*
27  *stored in at least one database.* I located this functionality in the reference.
28  / / /

39

DECLARATION OF DAVID G. KAY

239.   Analysis of Claim 3 of the '951 Patent and the Kleinberg reference.  I have searched the Kleinberg reference for *the search system according to Claim 1, wherein the graphical information include[s] maps, charts, pictures and moving images*.  I located some indication of this functionality in the reference.

240.   Analysis of Claim 4 of the '951 Patent and the Kleinberg reference.  I have searched the Kleinberg reference for *the search system according to Claim 1, wherein one of the graphical and textual information comprises audio information.*  I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

241.   I have not analyzed Claim 5 of the '951 Patent and the Kleinberg reference because the Request for Reexamination did not challenge the validity of dependent Claim 5.

242.   Analysis of Claim 6 of the '951 Patent and the Kleinberg reference.  I have searched the Kleinberg reference for *the search system according to Claim 1, further comprising a micro-computer for executing operations of the search system, and for storing the graphical information and textual information.*  I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

243.   Analysis of Claim 7 of the '951 Patent and the Kleinberg reference.  I have searched the Kleinberg reference for *the search system according to Claim 1, wherein the textual search entry path means and the graphical entry path means include informing means for assisting a user in searching the graphical information and textual information.*  I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

244.   Analysis of Claim 8 of the '951 Patent and the Kleinberg reference.  I have searched the Kleinberg reference for *the search system according to Claim 1, wherein the textual search entry path means comprises a topic tree entry path means for dividing the textual information into topics and sub-topics in order to assist in*

40

DECLARATION OF DAVID G. KAY

1   *browsing through the textual information.* I did not locate this functionality in the

2   reference; this is contrary to what was asserted in the Request for Reexamination.

3        245.   Analysis of Claim 9 of the '951 Patent and the Kleinberg reference. I

4   have searched the Kleinberg reference for *the search system according to Claim 1,*

5   *which further comprises title finder entry path means for assisting a user in*

6   *uncovering titles stored in the stored textual information.* I did not locate this

7   functionality in the reference; this is contrary to what was asserted in the Request for

8   Reexamination.

9        246.   Analysis of Claim 10 of the '951 Patent and the Kleinberg reference. I

10  have searched the Kleinberg reference for *a computerized system for selecting and*

11  *ordering a variety of information, goods, and services.* I did not locate this

12  functionality in the reference; this is contrary to what was asserted in the Request for

13  Reexamination.

14       247.   I have read the Kleinberg reference and then searched it for *a*

15  *computerized system with a plurality of computerized data processing installations*

16  *programmed for processing orders for information, goods, and services.* I did not

17  locate this functionality in the reference; this is contrary to what was asserted in the

18  Request for Reexamination.

19       248.   I have read the Kleinberg reference and then searched it for *a*

20  *computerized system with at least one computerized station, the station including a*

21  *micro-processor.* I located this configuration in the reference.

22       249.   I have read the Kleinberg reference and then searched it for *a*

23  *computerized station with a device for displaying graphical information and textual*

24  *information.* I located this functionality in the reference.

25       250.   I have read the Kleinberg reference and then searched it for *a*

26  *computerized station with at least one mass memory device controlled by the micro-*

27  *processor.* I located this functionality in the reference.

28  / / /

41

DECLARATION OF DAVID G. KAY

251.   I have read the Kleinberg reference and then searched it for *a computerized station with means for addressing at least one of the computerized data processing installations, and for sending thereto and receiving therefrom, coded messages and batches of data.* I located some indication of this functionality in the reference.

252.   I have read the Kleinberg reference and then searched it for *a computerized station with program means for controlling the display on the display device of inquiries and acceptable answers.* I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

253.   I have read the Kleinberg reference and then searched it for *a computerized station with user operated means for selecting at least one of the acceptable answers.* I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

254.   I have read the Kleinberg reference and then searched it for *a computerized station with means for accumulating a set of the acceptable answers.* I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

255.   I have read the Kleinberg reference and then searched it for *a computerized station with automatic data processing means for processing the set of answers as a function of other data.* I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

256.   I have read the Kleinberg reference and then searched it for *a computerized station with means for storing in the mass memory device, interrelated textual information and graphical information.* I did not locate this functionality in the reference; this is contrary to what was asserted in the Request for Reexamination.

257.   I have read the Kleinberg reference and then searched it for *a computerized station with means for interrelating the textual information and*

/ / /

42

DECLARATION OF DAVID G. KAY

1   *graphical information.* I did not locate this functionality in the reference; this is

2   contrary to what was asserted in the Request for Reexamination.

3       258.   I have read the Kleinberg reference and then searched it for *a*

4   *computerized station with a plurality of entry path means for searching the stored*

5   *interrelated textual information and graphical information.* I did not locate this

6   functionality in the reference; this is contrary to what was asserted in the Request for

7   Reexamination.

8       259.   I have read the Kleinberg reference and then searched it for *a*

9   *computerized station with means, responsive to the means for processing, for*

10  *executing inquiries provided by the user and for searching the textual information and*

11  *graphical information through the selected entry path means.* I did not locate this

12  functionality in the reference; this is contrary to what was asserted in the Request for

13  Reexamination.

14      260.   I have read the Kleinberg reference and then searched it for *a*

15  *computerized station with the means for executing and searching, including means for*

16  *addressing at least one of the installations and for retrieving data related to the*

17  *answer.* I did not locate this functionality in the reference; this is contrary to what was

18  asserted in the Request for Reexamination.

19      261.   I have read the Kleinberg reference and then searched it for *a*

20  *computerized station with means responsive to the means for processing, for*

21  *transferring orders for the information, goods, and services to the installation.* I did

22  not locate this functionality in the reference; this is contrary to what was asserted in

23  the Request for Reexamination.

24      262.   I have read U.S. Patent No. 4,359,631 (the "631 Patent"), now reissued

25  and reexamined as B1 Re. 32,115, which I understand was the primary prior art for the

26  original allowance of the '951 Patent; in my opinion, it more closely described the

27  functionalities of the '951 Patent than did the Kleinberg reference.

28  / / /

DECLARATION OF DAVID G. KAY

263.   Assertions Made in the Request for Reexamination of the '319 Patent.   In the Request for Reexamination of the '319 patent, I reviewed assertions made about how the technology described in the cited references delineated technologies claimed in the patent.  I found numerous assertions inaccurate or untrue. Some instances follow.

264.   The Request for Reexamination of the '319 patent states on page 3 that the references all teach *a central processor including means for retrievably storing information* [about business and financial transactions between entities from remote sites].  In my opinion, as I indicated above, this is not a true or accurate statement.

265.   The Request for Reexamination of the '319 patent states on page 6 that the references all teach *at least one terminal with the informing sequences including directions for operating the terminal, and for presenting interrelated segments of the operational data describing a plurality of transaction operations.*  In my opinion, as I indicated above, this is not a true or accurate statement.

266.   The Request for Reexamination of the '319 patent states on page 6 that the references all teach *means for storing comprising means for retaining the operational sequencing list and means responsive to the status of the various means for controlling their operation.*  In my opinion, as I indicated above, this is not a true or accurate statement.

267.   Assertions Made in the Request for Reexamination of the '951 Patent.   In the Request for Reexamination of the '951 patent, I reviewed assertions made about how the technology described in the cited references delineated technologies claimed in the patent.  I found many of those assertions inaccurate or untrue. Some instances follow.

268.   The Request for Reexamination of the '951 patent states on page 5 that the references all teach *a computer search system with accessing means for providing access to the related information in another entry path means.*  In my opinion, as I indicated above, this is not a true or accurate statement.

44

DECLARATION OF DAVID G. KAY

269.   The Request for Reexamination of the '951 patent states on page 5 that the references all teach *a computer search system with output means for receiving search results from the processing means and the related information from the accessing means and for providing the search results and received information to such user.*  In my opinion, as I indicated above, this is not a true or accurate statement.

270.   The Request for Reexamination of the '951 patent states on page 6 that the references all teach *a computerized system with a plurality of computerized data processing installations programmed for processing orders for information, goods, and services.*  In my opinion, as I indicated above, this is not a true or accurate statement.

271.   The Request for Reexamination of the '951 patent states on page 8 that the references all teach *a computerized station with a plurality of entry path means for searching the stored interrelated textual information and graphical information.*  In my opinion, as I indicated above, this is not a true or accurate statement.

272.   The Request for Reexamination of the '951 patent states on page 8 that the references all teach *a computerized station with means, responsive to the means for processing, for executing inquiries provided by the user and for searching the textual information and graphical information through the selected entry path means.*  In my opinion, as I indicated above, this is not a true or accurate statement.

273.   The Request for Reexamination of the '951 patent states on page 8 that the references all teach *a computerized station with the means for executing and searching, including means for addressing at least one of the installations and for retrieving data related to the answer.*  In my opinion, as I indicated above, this is not a true or accurate statement.

274.   The Request for Reexamination of the '951 patent states on page 11 that the references all teach *the search system according to Claim 1, further comprising a micro-computer for executing operations of the search system, and for storing the*
/ / /

45

DECLARATION OF DAVID G. KAY

*graphical information and textual information.* In my opinion, as I indicated above, this is not a true or accurate statement.

275. The Request for Reexamination of the '951 patent states on page 11 that the references all teach *the search system according to Claim 1, wherein the textual search entry path means and the graphical entry path means include informing means for assisting a user in searching the graphical information and textual information.* In my opinion, as I indicated above, this is not a true or accurate statement.

276. The Request for Reexamination of the '951 patent states on page 12 that the references all teach *the search system according to Claim 1, wherein the textual search entry path means comprises a topic tree entry path means for dividing the textual information into topics and sub-topics in order to assist in browsing through the textual information.* In my opinion, as I indicated above, this is not a true or accurate statement.

277. The Request for Reexamination of the '951 patent states on page 12 that the references all teach *the search system according to Claim 1, which further comprises title finder entry path means for assisting a user in uncovering titles stored in the stored textual information.* In my opinion, as I indicated above, this is not a true or accurate statement.

278. It is my opinion that, looking broadly at those aspects of the '319 patent whose functionality I did locate in the references cited in the Request for Reexamination, those aspects tended to be the more mundane and conventional features of automatic data processing systems for processing business and financial transactions between entities from remote sites, such as video displays and keyboards. In my opinion those located aspects did not, taken as a whole, delineate the extent of the invention claimed by the '319 patent.

/ / /

/ / /

/ / /

DECLARATION OF DAVID G. KAY

279.   It is my opinion that, looking broadly at those aspects of the '951 patent whose functionality I did locate in the references cited in the Request for Reexamination, those aspects tended to be the more mundane and conventional features of computer search systems for retrieving information or computerized systems for selecting and ordering a variety of information, goods, and services, such as video displays and keyboards.  In my opinion, those located aspects did not, taken as a whole, delineate the extent of the invention claimed by the '951 patent.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 21st day of October 2009, in Los Angeles, CA

_____
David G. Kay

09:P2273332.doc

DECLARATION OF DAVID G. KAY