1  GREGORY A. LONG, Cal. Bar No. 57642
   glong@sheppardmullin.com
2  GARY A. CLARK, Cal. Bar No. 65455
   gclark@sheppardmullin.com
3  DARREN M. FRANKLIN, Cal. Bar No. 210939
   dfranklin@sheppardmullin.com
4  DENNIS J. SMITH, Cal. Bar No. 233842
   djsmith@sheppardmullin.com
5  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
6    Including Professional Corporations
   333 South Hope Street, 43rd Floor
7  Los Angeles, California 90071-1422
   Telephone: (213) 620-1780
8  Facsimile: (213) 620-1398

9  D. RONALD RYLAND, Cal. Bar No. 49749
   rryland@sheppardmullin.com
10 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   Four Embarcadero Center, 17th Floor
11 San Francisco, California 94111
   Telephone: (415) 434-9100
12 Facsimile: (415) 434-3947

13 Attorneys for Defendants
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP,
14 JONATHAN HANGARTNER and STEVE P. HASSID

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LAWRENCE B. LOCKWOOD, PANIP, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP, JONATHAN HANGARTNER, STEVE P. HASSID,<br><br>Defendants. | Case No. CV 09-5157 JFW (AGRx)<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>[**FED. R. CIV. P.** 12(b)(6)]<br><br>Hearing<br>Date: November 9, 2009<br>Time: 1:30 p.m.<br>Ctrm: 16 - Spring, Hon. John F. Walter |

## TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................................1

II. DISCUSSION .......................................................................................................................1

    A.    Plaintiffs Fail to State Proper Claims Under the RICO Statute ...................................1

        1.    RICO was not designed to stop law firms from arguing to the PTO.............1

        2.    Plaintiffs' RICO claims are time-barred.........................................................2

        3.    Plaintiffs fail to state a pattern of racketeering activity.................................3

        4.    Plaintiffs cannot show proximate cause. ........................................................3

    B.    Plaintiffs Fail to State a Proper Claim for Malicious Prosecution...............................4

        1.    No court has ever recognized a claim for malicious prosecution arising from the filing of a reexamination request. ............................................4

        2.    Plaintiffs' malicious prosecution claim is time-barred...................................4

        3.    The independent investigation doctrine bars the malicious prosecution claim. ........................................................................................................6

        4.    Plaintiffs' malicious prosecution claim is preempted by federal law. ............8

    C.    Plaintiffs Fail to State a Proper Claim for Interference ............................................10

        1.    The litigation privilege applies to Plaintiffs' interference claim. ................10

        2.    Plaintiffs' claim for interference is time-barred............................................11

    D.    Plaintiffs Fail to State a Proper Claim for Fraud.......................................................11

        1.    There is no fraud claim based on the filing of a reexamination request. ....................................................................................................11

        2.    Plaintiffs' claim for fraud is time-barred. .....................................................11

III. CONCLUSION .................................................................................................................12

## TABLE OF AUTHORITIES

**Federal Cases**

Abbot Laboratoriess v. Brennan,
  952 F.2d 1346 (Fed. Cir. 1991)............................................................................9

Ball Corp. v. Xidex Corp.,
  967 F.2d 1440 (10th Cir. 1992)............................................................................4

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 (2007).............................................................................................7

Boyle v. United Techs. Corp.,
  487 U.S. 500 (1988)...........................................................................................10

Buckman Co. v. Plaintiffs' Legal Committee,
  531 U.S. 341 (2001)....................................................................................5, 8, 9

Dealertrack, Inc. v. Huber,
  460 F. Supp. 2d 1177 (C.D. Cal 2006)..............................................................10

Dow Chemical Co. v. Exxon Corp.,
  30 F. Supp. 2d 673 (D. Del. 1998)...............................................................1, 2, 3

Guerrero v. Gates,
  442 F.3d 697 (9th Cir. 2006)................................................................................3

Harding v. Dana Transport, Inc.,
  914 F. Supp. 1084 (D.N.J. 1996).......................................................................11

Hensley v. United States,
  531 F.3d 1052 (9th Cir. 2008).........................................................................2, 3

Kearney v. Foley & Lardner, LLP,
  566 F.3d 826 (9th Cir. 2009)................................................................................1

Kimes v. Stone,
  84 F.3d 1121 (9th Cir. 1996)..............................................................................10

Living Designs, Inc. v. E.I. Dupont de Nemours & Co.,
  431 F.3d 353 (9th Cir. 2005)................................................................................1

Martinez v. Calif.,
  444 U.S. 277 (1980)...........................................................................................10

McKesson Information Solutions, Inc. v. Bridge Medical, Inc.,
  487 F.3d 897 (Fed. Cir. 2007)..............................................................................4

Nathan Kimmel, Inc. v. DowElanco,
  275 F.3d 1199 (9th Cir. 2002)..............................................................................8

Nobelpharma AB v. Implant Innovations, Inc.,
  141 F.3d 1059 (Fed. Cir. 1998)..........................................................................11

Oltman v. Holland America Line, Inc.,
   538 F.3d 1271 (9th Cir. 2008) ............................................................................................2

Patlex Corp. v. Mossinghoff,
   771 F.2d 480 (Fed. Cir. 1985) ....................................................................................7, 8, 9

Religious Tech. Ctr. v. Wollersheim,
   971 F.2d 364 (9th Cir. 1992)............................................................................................ 10

Tafas v. Doll,
   559 F.3d 1345 (Fed. Cir. 2009) .........................................................................................9

United States v. Ruehle,
   --- F.3d ---, 2009 U.S. App. LEXIS 21450 (9th Cir. 2009)........................................10, 11

Visto Corp. v. Sproqit Techs., Inc.,
   360 F. Supp. 2d 1064 (N.D. Cal. 2005) ........................................................................... 10

Wyeth v. Levine,
   129 S. Ct. 1187 (2009) .......................................................................................................8

State Cases

Babb v. Superior Ct.,
   3 Cal. 3d 841 (1971) ..........................................................................................................4

Casa Herrera, Inc. v. Beydoun,
   32 Cal. 4th 336 (2004) .......................................................................................................4

E-Fab, Inc. v. Accountants, Inc. Services,
   153 Cal. App. 4th 1308 (2007) ........................................................................................ 11

Flatley v. Mauro,
   39 Cal. 4th 299 (2006) .................................................................................................... 11

Norgart v. Upjohn Co.,
   21 Cal. 4th 383 (1999) .......................................................................................................5

Pacific Gas & Electric Co. v. Bear Stearns,
   50 Cal. 3d 1118 (1990) .................................................................................................... 11

Rothman v. Jackson,
   49 Cal. App. 4th 1134 (1996) .......................................................................................... 10

Rutherford v. Johnson,
   250 Cal. App. 2d 316 (1967) .............................................................................................5

Sagehorn v. Engle,
   141 Cal. App. 4th 452 (2006) .......................................................................................... 12

Stanwyck v. Horne,
   146 Cal. App. 3d 450 (1983) .............................................................................................6

Stolz v. Wong Communications Ltd.,
   25 Cal. App. 4th 1811 (1994) ........................................................................................4, 5

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS

| | |
|---|---|
| 1 | Werner v. Hearst Publ., |
|   |    65 Cal. App. 2d 667 (1944).................................................................................... 6, 7 |
| 2 | Zamos v. Stroud, |
| 3 |    32 Cal. 4th 958 (2004) ................................................................................................5 |
| 4 | Federal Statutes |
| 5 | 42 U.S.C. § 1983................................................................................................................7, 10 |
| 6 | 37 C.F.R. § 10.158..................................................................................................................9 |
| 7 | 35 U.S.C. § 304 .....................................................................................................................5 |
| 8 | 35 U.S.C. § 32 ......................................................................................................................9 |
| 9 | 37 C.F.R. § 10.130 et seq........................................................................................................9 |
| 10 | 37 C.F.R. § 10.131(a)............................................................................................................9 |
| 11 | 37 C.F.R. § 10.24(a)..............................................................................................................9 |
| 12 | 18 U.S.C. § 1001....................................................................................................................9 |
| 13 | 28 U.S.C. § 2680..................................................................................................................10 |
| 14 | Fed. R. Civ. P. 12(b)(6)...........................................................................................................0 |
| 15 | 17 U.S.C. § 501(b) ...............................................................................................................10 |
| 16 | State Statutes |
| 17 | Cal. Civ. Code § 47(b)..........................................................................................................10 |
| 18 | Cal. Civ. Proc. Code § 338(d) ..............................................................................................11 |
| 19 | Other |
| 20 | H.R. Rep. No. 107-120 .........................................................................................................10 |
| 21 | MPEP § 1701.01......................................................................................................................6 |
| 22 | MPEP § 2010 ..........................................................................................................................9 |
| 23 | MPEP § 2242 ..........................................................................................................................7 |
| 24 | MPEP § 2244 ..........................................................................................................................7 |
| 25 | MPEP § 2250 ..........................................................................................................................6 |
| 26 | MPEP § 2256 ..........................................................................................................................6 |
| 27 | Rest. 2d Torts § 680 ........................................................................................................... 4, 5 |
| 28 | |

## I. INTRODUCTION

In 2002, Plaintiff PanIP, LLC sued twenty small businesses, represented by Defendants, as part of a patent "enforcement program" designed to extract payments from Internet retailers. After Defendants filed and served reexamination requests on behalf of their clients, PanIP and its principal, Lawrence B. Lockwood, with advice of counsel, settled by dismissing the infringement actions. They now sue claiming that Defendants engaged in organized crime, malicious prosecution, fraud and interference with economic advantage *in defending* their clients.

Defendants' motion to dismiss showed that Plaintiffs' claims are defective and time-barred. Plaintiffs' opposition fails to counter Defendants' motion. Among the frivolous arguments Plaintiffs make is their absurd position that their claims are not time-barred because Mr. Lockwood personally, while represented by counsel, delayed reading the reexamination requests. Defendants' motion should be granted without leave to amend.

## II. DISCUSSION

### A. Plaintiffs Fail to State Proper Claims Under the RICO Statute

#### 1. RICO was not designed to stop law firms from arguing to the PTO.

As discussed in Defendants' opening brief, attorneys must go well beyond their capacities as legal representatives for their conduct to give rise to RICO liability. Plaintiffs cite two cases involving such conduct. *See Kearney v. Foley & Lardner, LLP*, 566 F.3d 826, 834 (9th Cir. 2009) (allegations that defendants fraudulently suppressed test results, instructed engineers not to prepare a formal report, and misrepresented whether testing had been conducted); *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 357 (9th Cir. 2005) (allegations that defendant fraudulently suppressed evidence of three categories of test results). Defendants' alleged conduct comes nowhere close to the conduct alleged in these cases. There is no allegation that Defendants suppressed documents, instructed anyone to conceal documents, or lied about whether documents existed. Plaintiffs allege only that Defendants misconstrued what they submitted. These alleged acts do not rise to the level of unlawful conduct that RICO was designed to remedy.

According to Plaintiffs, the third case that they cite, *Dow Chemical Co. v. Exxon*

-1-

1  *Corp.*, 30 F. Supp. 2d 673 (D. Del. 1998), is on "four corners" with the present case. (Opp. MTD
2  at 22.) If so, then there is no question that the Court should dismiss Plaintiffs' RICO claims. In
3  *Dow Chemical*, plaintiff alleged that defendant made fraudulent misrepresentations to the PTO
4  and that, as a result, the PTO wrongly issued a variety of patents and commenced a number of
5  reissue, reexamination, and interference proceedings. *Id.* at 695. In dismissing plaintiff's RICO
6  claims, the court held that its losses "do not stem directly from [defendants'] alleged
7  misrepresentations to the PTO." *Id.* Rather, plaintiff's "losses result from the intervening acts of
8  the PTO as well as [plaintiff's] customers and business affiliates." *Id.* The court noted the PTO's
9  "discretion whether or not to grant patent property rights and declare interferences," and that
10 "customers and business affiliates can choose whether or not to pursue business opportunities"
11 with plaintiff. *Id.* The same is true of the reexamination proceedings and the alleged impact on
12 Plaintiffs' ability to enforce their patents in the present case.

13             **2.     Plaintiffs' RICO claims are time-barred.**

14             The state court action did not toll the statute of limitations for Plaintiffs' RICO
15 claims because Plaintiffs did not plead them or allege federal mail and wire fraud. Unlike the
16 cases in which the Ninth Circuit has recognized equitable tolling due a state court action, *see, e.g.,*
17 *Oltman v. Holland Am. Line, Inc.*, 538 F.3d 1271, 1280 (9th Cir. 2008), Plaintiffs here slept on
18 their claims and gave no notice that they were even considering a RICO claim until they filed the
19 instant complaint on July 15, 2009, two years after the four-year limitations period ran.

20             Plaintiffs' allegation that they did not discover the fraud for two years (Opp. MTD
21 at 23) fails because Defendants sent the reexamination requests to Lockwood and his counsel on
22 May 5, 2003. Lockwood concedes this fact. (Lockwood Decl. ¶ 21.) Plaintiffs thus cannot
23 invoke the doctrine of equitable tolling. It is limited to "situations where, despite all due diligence,
24 [the party invoking equitable tolling] is unable to obtain vital information bearing on the existence
25 of the claim, or where the party invoking the doctrine has been induced or tricked by his
26 adversary's misconduct into allowing the filing deadline to pass." *Hensley v. United States*,
27 531 F.3d 1052, 1057-58 (9th Cir. 2008) (quotations and citations omitted). The doctrine "is not
28 available to avoid the consequence of one's own negligence, and does not apply when a late filing

is due to claimant's failure to exercise due diligence in preserving his legal rights." *Id.* at 1058 (quotations and citations omitted). When fraudulent concealment is alleged, there must be "active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006) (quotations omitted). Here, the facts were not concealed—Plaintiffs had them in their possession. If Lockwood chose to delay reviewing the requests (Lockwood Decl. ¶ 31), then he also fails the due diligence requirement. Further, Plaintiffs fail to allege any conduct above and beyond the wrongdoing upon which Plaintiffs base their claims.

### 3. Plaintiffs fail to state a pattern of racketeering activity.

Despite Plaintiffs' opposition, the complaint alleges only six predicate acts, five of which occurred during a twelve-day period in May 2003. The only alleged predicate act outside this period is the posting of allegedly fraudulent statements on a website. This is not a predicate act for the reasons stated in Defendants' opening brief. As for mail fraud, Plaintiffs avoid the fact that the motion to stay was not mailed and instead say that "[t]he complaint alleges that Defendants' [sic] . . . mailed requests for stay of litigation to Plaintiffs." (Opp. MTD at 24.) The Complaint has no such allegation. Even if the Complaint were amended, Plaintiffs would still have just a handful of predicate acts during a twelve-day period. Plaintiffs also newly claim that Defendants "accepted checks sent by U.S. Mail." (*Id.*) The Complaint never alleges that Defendants actually accepted any checks from third parties and, even if they did, how is this part of a scheme to defraud *Plaintiffs*? Additionally, the opposition fails to address the vagueness of Plaintiffs' allegations respecting the website, the fact that the allegedly fraudulent statements were no longer on the website as of March 22, 2004, and the fact that Defendants have not filed any reexamination requests respecting Lockwood's patents in the past *six years*.

### 4. Plaintiffs cannot show proximate cause.

Plaintiffs merely reference their arguments on the independent investigation doctrine. (Opp. MTD at 25.) They ignore *Dow Chemical Co.*, 30 F. Supp. 2d 673, discussed in Section II.A.1., *supra*, and they further ignore the fact that the stipulation to stay proceedings and the settlement signed by Plaintiffs also negate proximate cause.

### B. Plaintiffs Fail to State a Proper Claim for Malicious Prosecution

#### 1. No court has ever recognized a claim for malicious prosecution arising from the filing of a reexamination request.

There is no private cause of action for malicious prosecution of the type Plaintiffs claim, and none has ever been recognized, to Defendants' knowledge. Plaintiffs' assertion to the contrary (Opp. MTD at 3-4) is highly misleading. Plaintiffs list four alleged elements of such a claim, citing *McKesson Information Solutions, Inc. v. Bridge Medical, Inc.*, 487 F.3d 897, 913 (Fed. Cir. 2007). The *McKesson* case mentions neither reexamination requests nor malicious prosecution. It merely discusses the defense of inequitable conduct in patent infringement cases, as do the *Digital Control* and *Precision Instrument* cases that Plaintiffs cite. *See also Ball Corp. v. Xidex Corp.*, 967 F.2d 1440, 1447 (10th Cir. 1992) (affirming dismissal of claims for patent libel, product disparagement, intentional interference, and unfair competition, and noting district court's statement that "evidence that a party has breached a duty to the PTO would not lead directly to civil liability"). No court, to Defendants' knowledge, has ever sanctioned a claim for malicious prosecution due to a reexamination request, let alone stated the elements of such a claim.

#### 2. Plaintiffs' malicious prosecution claim is time-barred.

The statute of limitations bars Plaintiffs' malicious prosecution claim because it began to run when the PTO granted the reexamination requests in July 2003. In response, Plaintiffs assert that the reexamination proceedings did not end until at least 2007, citing two cases holding that malicious prosecution has a favorable termination requirement. (Opp. Mot. to Strike at 22.) But neither of these cases concerned alleged malicious prosecution in the context of an *ex parte* administrative proceeding. *See Casa Herrera, Inc. v. Beydoun*, 32 Cal. 4th 336 (2004) (malicious prosecution in the context of court case); *Babb v. Superior Ct.*, 3 Cal. 3d 841 (1971) (same). These cases thus are not controlling.

For an ex parte proceeding, California law is clear that a malicious prosecution plaintiff need *not* show a favorable termination. *See Stolz v. Wong Communications Ltd.*, 25 Cal. App. 4th 1811, 1820 (1994) (quoting REST. 2D TORTS § 680: " . . . except where they are *ex parte*, the proceedings have terminated in favor of the person against whom they are brought"). *Cf.*

-4-

*Zamos v. Stroud*, 32 Cal. 4th 958, 967 n.6 (2004) *Rutherford v. Johnson*, 250 Cal. App. 2d 316, 319 (1967). Plaintiffs assert that *Stolz* did not concern the statute of limitations, but that misses the point. For tort claims, the statute of limitations begins to run on the occurrence of the last element essential to the claim. *See Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 389, 397 (1999). The *Stolz* case provides the elements essential to a claim for malicious prosecution in the context of an ex parte proceeding, and those elements do *not* include favorable termination.

Plaintiffs also try to distinguish *Stolz* on its facts, but again miss the point. Defendants do not cite *Stolz* to suggest that a reexamination request cannot be grounds for malicious prosecution (other cases make that point clear, *e.g.*, *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001)), but to show that California courts follow REST. 2D TORTS § 680, which contains the exception to the favorable termination requirement. Plaintiffs further quote Comment k to REST. 2D TORTS § 674, but under Comment k the reexamination *requests* were *completely* ex parte. The PTO granted the requests without giving Plaintiffs an opportunity to contest them. Lockwood concedes this fact. (Lockwood Decl. ¶ 24.)

The fact that, after the reexamination requests were granted, the reexaminations themselves lasted until 2007 is immaterial. Plaintiffs allege that their harm resulted from the *granting* of the reexamination requests. This was when they began incurring costs and when they say a cloud was created over their patents, allegedly impeding their licensing efforts. Moreover, a reexamination request is just that – a *request* to *commence* a proceeding, the basis for which is a substantial new question of patentability. The decision granting or denying the request *is* the termination of the request. If the request is granted, the requester's involvement all but ends,[1] and the actual reexamination proceeding then begins. The reexamination itself is a separate process, directed to a separate issue: *resolution* of the substantial new question(s) identified in the decision granting the reexamination request, not whether the question itself exists. *See* 35 U.S.C. § 304 ("If . . . a substantial new question of patentability is raised, the determination will include an order

---

[1] The requester may file a reply to any statement filed by the patent owner in response to a decision granting reexamination, but the patent owner's statement is optional. In this case, Plaintiff Lockwood chose not to file any such statement, so as to preclude a reply.

for reexamination of the patent for resolution of the question.") Further, while the reexamination results from the request, the *scope* of the reexamination is *not confined* to the request, or even to the original claims of the patent. During reexamination, the examiner considers not only the requester's prior art and arguments, but also other sources, including the examiner's own prior art search. *See* MPEP § 2256. Additionally, the examiner must determine the patentability of any claims added by the patent owner during reexamination, which can expand the issues well beyond anything covered by the request.[2] MPEP § 2250.

For all of these reasons, it cannot be meaningfully said that a reexamination results in a termination, favorable or otherwise, of a reexamination request. The last element essential to Plaintiffs' malicious prosecution claim was the granting of the reexamination requests.

### 3. The independent investigation doctrine bars the malicious prosecution claim.

The case law is clear: "Absent an allegation in [the] complaint that an investigation did not in fact occur, we must presume as did *Werner*, that one did occur." *Stanwyck v. Horne*, 146 Cal. App. 3d 450, 459 (1983) (citing *Werner v. Hearst Publ.*, 65 Cal. App. 2d 667, 672 (1944)). Plaintiffs' complaint never alleges that the PTO failed to investigate the allegations in the reexamination requests. The complaint alleges that the PTO relied upon Defendants' alleged deception, but that allegation is insufficient under *Werner* because it does not exclude the PTO's own investigation as a part of the information upon which the PTO relied. 65 Cal. App. 2d at 672.

In their opposition, Plaintiffs now baldly claim that "no independent investigation . . . was conducted during the initial review of the Fraudulent Requests." (Opp. MTD at 6.) How Plaintiffs are supposed to know this is a mystery, since PTO rules bar patent examiners from talking about such matters. *See* MPEP § 1701.01. It is not enough for Plaintiffs to speculate that an independent investigation must not have been conducted because the PTO allegedly relies on the duty of candor or the decision granting reexamination "issued . . . in

---

[2] Here, as reflected by the reexamination certificates, Plaintiff Lockwood opportunistically added 22 claims to the original ten claims in the '951 patent and 22 claims to the original six claims in the '319 patent during the reexaminations. These additional claims greatly expanded the reexaminations beyond any issues raised by the requests and explain, in part, why the reexaminations took as long as they did.

-6-

substantially the same language as the language used in" the request. Werner, 65 Cal. App. 2d at 672. Such speculation (1) is insufficient under *Werner*; (2) is insufficient under the holding of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), that factual allegations must rise above the speculative level; and (3) assumes without basis that the examiner shirked his duty and failed to review the cited references.

Plaintiffs also assert that the PTO failed to conduct an independent investigation because it was only considering whether a substantial new question of patentability existed. (Opp. MTD at 6.) This makes no sense. The PTO was charged with conducting an independent investigation into whether the reexamination requests raised a substantial new question of patentability. *See* MPEP § 2244; *Patlex Corp. v. Mossinghoff*, 771 F.2d 480, 485 (Fed. Cir. 1985). That this was the sole issue presented by the request does not mean that the PTO failed to conduct an independent investigation into whether the requests complied. There is nothing in *Werner* to the contrary.

Notably, as Plaintiffs concede, granting reexamination does not require the PTO to conclude that the cited references establish a prima facie case of invalidity. The MPEP explains that "'a substantial new question of patentability' as to a patent claim could be present *even if the examiner would not necessarily reject the claim* as either fully anticipated by, or obvious in view of, the prior art patents or printed publications." MPEP § 2242 (emphasis added). In short, even if Defendants overstated the invalidity case, it does not mean that the requests lacked merit. Unless Plaintiffs can allege, consistent with Rule 11, that the PTO failed to investigate whether the requests made a showing of a "substantial new question of patentability," the malicious prosecution claim should be dismissed.

None of Plaintiffs' case citations are to the contrary. The *Fenters* and *Awabdy* cases concern malicious prosecution claims under 42 U.S.C. § 1983 and thus are not analogous to the present case. In any event, Defendants' alleged conduct does not rise to anywhere near the level of bad faith addressed in these cases. There is no allegation that Defendants exerted pressure on the patent examiner, altered the information provided in the cited references, concealed evidence, or tried to contact the examiner. Plaintiffs allege only that Defendants cited one

-7-

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

reference that allegedly did not qualify as prior art and misrepresented the contents of the remaining references in their arguments. Plaintiffs concede that Defendants submitted the actual references unaltered to the PTO. The only investigation the PTO had to do was to read the references and compare them to the ones previously considered. It is not as though there were any other facts that the PTO could have considered in reaching its decision on the reexamination requests. Unless Plaintiffs can allege that the patent examiner actually failed to look at and compare the references (and they cannot), how could this *not* be an independent investigation?

In reviewing a reexamination request, "[t]he PTO . . . carries a heavy responsibility to be exercised with disinterestedness and restraint." *Patlex*, 771 F.2d at 485. This review bars Plaintiffs' claim.

### 4. Plaintiffs' malicious prosecution claim is preempted by federal law.

The Supreme Court in *Buckman Co. v. Plaintiffs' Legal Committee* was clear: "Policing fraud against federal agencies is hardly a field which the States have traditionally occupied, such as to warrant a presumption against finding federal pre-emption of a state-law cause of action." 531 U.S. 341, 347 (2001) (quotation and citation omitted); *see also Nathan Kimmel, Inc. v. DowElanco*, 275 F.3d 1199, 1205 (9th Cir. 2002) ("Because Kimmel's state law claim hinges upon its contention that DowElanco committed fraud against the EPA—which is hardly a field which the States have traditionally occupied—we undertake our analysis in this case free from any presumption against preemption.") (quotations omitted). Plaintiffs ignore *Buckman* and misread *Nathan Kimmel* in claiming that there is a presumption against preemption here.[3] The *Wyeth* case on which Plaintiffs rely did not involve a fraud-on-the-agency claim, and *Wyeth* expressly distinguished *Buckman* on this ground. *Wyeth v. Levine*, 129 S. Ct. 1187, 1195 n.3 (2009) ("[T]hat case involved state-law fraud-on-the-agency claims, and the Court distinguished state regulation of health and safety as matters to which the presumption does apply.").

Plaintiffs' malicious prosecution claim comes within *Buckman*'s purview. It is a

---

[3] Plaintiffs assert incorrectly that the Ninth Circuit based its *Nathan Kimmel* decision on express preemption. 275 F.3d at 1204 ("[O]rdinary conflict preemption principles dictate that Kimmel's state law claim is impliedly preempted by FIFRA.").

fraud-on-the-agency claim involving alleged misrepresentations to the PTO with the intent to induce the PTO's reliance upon the misrepresentations. As such, it conflicts with the regulatory scheme for investigations and disciplinary proceedings established in 37 C.F.R. § 10.130 et seq. Lockwood's own patent lawyer had a duty within this regulatory scheme to report his knowledge of Defendants' alleged violations of disciplinary rules. *See* 37 C.F.R. § 10.24(a). Had Lockwood's lawyer done so, the PTO could have investigated. The lawyer did not do so, which itself shows the insubstantiality of Plaintiffs' claims.

Plaintiffs nevertheless assert that the PTO eliminated its own power to police fraud in 1988. (Opp. MTD at 10.) This assertion is based upon MPEP § 2010, which merely states that the PTO does not investigate and reject patent applications for failure to disclosure material information. Plaintiffs also quote *Tafas v. Doll*, 559 F.3d 1345, 1358 (Fed. Cir. 2009), on a point that is limited to inequitable conduct in patent prosecution. (Opp. MTD at 10.). Plaintiffs ignore the regulatory scheme for investigations and disciplinary proceedings in 37 C.F.R. § 10.130 et seq. Like the FDA provisions in *Buckman*, 531 U.S. at 349, these provisions are aimed at detecting, deterring, and punishing false statements made to the PTO. The PTO is empowered to investigate suspected fraud (*see* 35 U.S.C. § 32; 37 C.F.R. § 10.131(a)), and citizens may report wrongdoing to the agency (*see* 37 C.F.R. § 10.131(b), (c)). Beyond the general criminal proscription on making false statements to the federal government, *see* 18 U.S.C. § 1001, the PTO may respond to fraud by suspending or excluding a practitioners from further practice before it, *see* § 37 C.F.R. § 10.158. These enforcement mechanisms let the PTO take a measured response to suspected fraud and punish wrongdoers.

The dearth of cases involving claims of malicious prosecution based upon PTO proceedings is telling. For the related tort of abuse of process, the Federal Circuit found preemption because "the federal administrative process of examining and issuing patents . . . is not subject to collateral review." *Abbot Labs. v. Brennan*, 952 F.2d 1346, 1357 (Fed. Cir. 1991). The same should be said for malicious prosecution claims arising out of reexamination requests. Plaintiffs' safeguard against harassment is the threshold determination of whether or not to reexamine. *Patlex*, 771 F.2d at 483. This is part of the careful "balance" that Congress struck.

-9-

1  H.R. Rep. No. 107-120.  Plaintiffs' tort claim upsets that balance.

2  Plaintiffs' remaining case citations are inapposite.  It does not matter whether the
3  Ninth Circuit permits malicious prosecution claims for bad faith instigation of patent infringement
4  suits.  These claims arise from conduct in court, not in the PTO.  Likewise, it does not matter
5  whether courts adjudicate inequitable conduct (a defense to patent infringement) or legal
6  malpractice claims.  Plaintiffs are suing for fraud on the agency, not patent infringement and not a
7  claim arising from a duty owed to a private party.  Furthermore, Plaintiffs' case citations on field
8  preemption are inapposite because Defendants are arguing conflict preemption.  (Opp. MTD at 9.)

9  **C.    Plaintiffs Fail to State a Proper Claim for Interference**

10            **1.    The litigation privilege applies to Plaintiffs' interference claim.**

11  Defendants' act of filing the reexamination requests is covered by CAL. CIV. CODE
12  § 47(b) and thus is absolutely privileged.  *See Rothman v. Jackson*, 49 Cal. App. 4th 1134, 1140
13  (1996) (holding that only malicious prosecution claims are exempt from § 47(b)).  Plaintiffs try to
14  block the litigation privilege by relying upon a defective preemption argument, including cases
15  involving *federal* claims or defenses, which are inapplicable to *state law* claims and defenses.
16  (Opp. Mot. to Strike at 21.)  *See, e.g., Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988) (federal
17  defense under 28 U.S.C. § 2680); *Martinez v. Calif.*, 444 U.S. 277 (1980) (federal claim under
18  42 U.S.C. § 1983); *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364 (9th Cir. 1992) (federal
19  claims under RICO and Copyright Act, 17 U.S.C. § 501(b)); *Kimes v. Stone*, 84 F.3d 1121 (9th
20  Cir. 1996) (federal claim under 42 U.S.C. § 1983).

21  Plaintiffs also assert that "federal courts do not apply state court privileges."  (Opp.
22  Mot. to Strike at 20.)  This stunning assertion is simply incorrect.  *See, e.g., Dealertrack, Inc. v.*
23  *Huber*, 460 F. Supp. 2d 1177, 1181 (C.D. Cal 2006) (striking libel claim because statement was
24  protected by litigation privilege); *Visto Corp. v. Sproqit Techs., Inc.* 360 F. Supp. 2d 1064, 1069
25  (N.D. Cal. 2005) (holding that litigation privilege could apply to counterclaims for interference
26  with prospective economic advantage and defamation).  Plaintiffs' confusion might stem from the
27  fact that they cite several cases pertaining to the attorney-client privilege.  The attorney-client
28  privilege is an evidentiary rule, *see United States v. Ruehle*,  F.3d ---, 2009 U.S. App. LEXIS

-10-

21450 (9th Cir. 2009), while the litigation privilege is a substantive defense, *see Flatley v. Mauro*, 39 Cal. 4th 299, 323 (2006). Plaintiffs' case citations thus are inapposite. *See, e.g., Harding v. Dana Transp., Inc.*, 914 F. Supp. 1084 (D.N.J. 1996) (attorney-client privilege). As discussed in Defendants' opening brief, the litigation privilege does not conflict with federal immunities and must be applied.

### 2. Plaintiffs' claim for interference is time-barred.

Plaintiffs assert that their claim for interference with prospective economic advantage did not arise until the earliest reexamination proceeding finally ended on July 17, 2007, citing *Pacific Gas & Electric Co. v. Bear Stearns*, 50 Cal. 3d 1118 (1990). As an initial matter, *Pacific Gas* makes clear that Plaintiffs' claim for interference is completely bogus: "[T]he only common law tort claim that treats the instigation or bringing of a lawsuit as an actionable injury is the action for malicious prosecution. . . . Other jurisdictions have perceived the same danger in allowing a petition for judicial or administrative relief to be the basis for a claim of interference with contract or prospective advantage." *Id.* at 1131. As for the statute of limitations, it started running when the requests were granted in July 2003, as discussed in Section II.B.2., *supra*.

## D. Plaintiffs Fail to State a Proper Claim for Fraud

### 1. There is no fraud claim based on the filing of a reexamination request.

There is no private cause of action for fraud of the type Plaintiffs claim, and none has ever been recognized, to Defendants' knowledge. Plaintiffs' assertion to the contrary (Opp. MTD at 12) is highly misleading and should be disregarded. Plaintiffs list five alleged elements of such a claim, citing *Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1070 (Fed. Cir. 1998). But *Nobelpharma* concerned a claim for *Walker Process* fraud under the federal antitrust laws, not a claim for common law fraud under state tort law. No court, to Defendants' knowledge, has ever sanctioned a claim for fraud arising out of a reexamination request.

### 2. Plaintiffs' claim for fraud is time-barred.

The statute of limitations for fraud is *three* years, *not* four years as Plaintiffs suggest. (Opp. MTD at 14.) *See* CAL. CIV. PROC. CODE § 338(d); *E-Fab, Inc. v. Accountants, Inc. Servs.*, 153 Cal. App. 4th 1308, 1316 (2007) ("A cause of action for fraud or mistake is governed by a

-11-

three-year statute of limitations."). Thus, the filing of the state action on June 4, 2007 did not toll the statute of limitations. It had already run in July 2006, three years after the PTO granted the reexamination requests. *See* Section II.B.2., *supra*.

Again, Plaintiffs' allegation that Defendants' fraud allegedly "concealed" the cause of action (Opp. MTD at 14) fails because Lockwood concedes that Defendants sent copies of the reexamination requests to him and his counsel on May 5, 2003. (Lockwood Decl. ¶ 21.) Plaintiffs thus cannot avail themselves of the doctrine of equitable tolling. "To establish that equitable tolling applies, a plaintiff must prove the following elements: fraudulent conduct by the defendant resulting in concealment of the operative facts, failure of the plaintiff to discover the operative facts that are the basis of its cause of action within the limitations period, and due diligence by the plaintiff until discovery of those facts." *Sagehorn v. Engle*, 141 Cal. App. 4th 452, 460-61 (2006). The notion that Lockwood reasonably delayed reviewing the reexamination requests (Lockwood Decl. ¶ 31) is absurd. He had ongoing lawsuits challenging the validity of his patents, not to mention the right to file patent owner's statements in the reexaminations. If Lockwood chose to delay, then he also fails the due diligence requirement.

### III.   CONCLUSION

Plaintiffs' claims are time-barred. The alleged wrong and alleged harm arose out of the PTO's ex parte decisions to grant reexamination, and the statutes were not tolled by the pathetic excuse that Mr. Lockwood delayed reading the reexamination requests. Similarly, the RICO claims could have been made in state court, but were not. Separately, each of Plaintiffs' claims is fatally defective on the merits. Defendants' motion to dismiss should be granted.

Dated: November 2, 2009

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   */s/ Darren M. Franklin*
DARREN M. FRANKLIN
Attorneys for Defendants
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP, JONATHAN HANGARTNER and STEVE P. HASSID

-12-